COLLA, Special Administratrix, Respondent, vs. MANDELLA and another, Appellants.

*September 12—October 8, 1957.*

For the appellants there was a brief and oral argument by *Raymond J. Moore* of Milwaukee.

For the respondent there was a brief and oral argument by *Arlo A. McKinnon* and *Joseph J. Ziino,* both of Milwaukee.

WINGERT, J.  Defendant's motion for summary judgment was properly denied. Viewing the facts presented on the motion in the light most favorable to the plaintiff, we cannot say that there is no issue of fact for trial which if resolved in favor of the plaintiff would entitle her to judgment.

1. The decision of this court on the previous appeal, that the doctrine of *res ipsa loquitur* is applicable for consideration by the jury, established the existence of a jury issue relative

to the negligence of Mandella in leaving his truck as he did. *Colla v. Mandella,* 271 Wis. 145, 72 N. W. (2d) 755.

2. If Mandella was negligent in the premises, his negligence was a proximate cause of Colla's damages and death. The chain of causation was direct. As the result of Mandella's negligence, the truck rolled down the hill and crashed into Colla's house near the place where he was sleeping, the crash made a loud noise, the noise frightened Colla, the scare caused his heart to falter and fail and thus caused his pain, suffering, and death and the other damages. Thus the negligence was a substantial factor in producing the injuries, and therefore a proximate cause of them, even though Mandella neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred. *Pfeifer v. Standard Gateway Theater,* 262 Wis. 229, 237, 240, 55 N. W. (2d) 29; *Klassa v. Milwaukee Gas Light Co.* 273 Wis. 176, 182, 77 N. W. (2d) 397; *Osborne v. Montgomery,* 203 Wis. 223, 236, 239, 234 N. W. 372; Restatement, 2 Torts, p. 1159, sec. 431; Restatement, 2 Torts, 1948 Suppl., p. 736, sec. 435 (1).

3. Recovery may be had for physical injuries resulting from fright alone.

"It is not essential to liability that there be proof of any bodily physical injury in case physical disability results naturally and directly from extreme fright or shock." *Sundquist v. Madison Rys. Co.* 197 Wis. 83, 86, 221 N. W. 392.

Such recovery is not defeated here by the fact that there was no direct physical impact of the truck on Colla's person. The courts are getting away from the requirement of physical impact to sustain liability in fright and shock cases, and the majority no longer require impact, while those courts which retain the impact requirement go very far in finding sufficient impact from the most trivial contact. Prosser, Law

of Torts (2d ed.), pp. 178, 179, sec. 37; 2 Harper and James, Law of Torts, p. 1034, sec. 18.4. This court held half a century ago that—

". . . when physical injury flows directly from extreme fright or shock, caused by the ordinary negligence of one who owes the duty of care to the injured person, such fright or shock is a link in the chain of proximate causation as efficient as physical impact from which like results flow." *Pankopf v. Hinkley*, 141 Wis. 146, 149, 123 N. W. 625. See the discussion of the point in *Waube v. Warrington*, 216 Wis. 603, 258 N. W. 497.

We see no reason to depart from that principle here and deny recovery because of lack of direct impact.

Were we to follow the minority in requiring some sort of token impact, the impact on the wall on the other side of which Colla was sleeping might well be considered enough. It was not too much different from the jarring of the automobile in which plaintiff was riding in *Sundquist v. Madison Rys. Co.* 197 Wis. 83, 221 N. W. 392, where a passenger in an automobile which was jolted by a streetcar was allowed to recover for paralysis resulting from her fright, although the jolt itself did not hurt her physically.

*Waube v. Warrington*, 216 Wis. 603, 258 N. W. 497, and *Klassa v. Milwaukee Gas Light Co.* 273 Wis. 176, 77 N. W. (2d) 397, are not to the contrary. In those cases recovery was denied for physical injuries caused solely by shock or fright resulting from distress over injuries to another (*Waube*) or from fear for the safety of another (*Klassa*). In the present case facts are stated which, if proved, warrant the inference that Colla was frightened for his own personal safety, or by the proximity of the noisy crash to his own person.

4. It is recognized by this and other courts that even where the chain of causation is complete and direct, recovery against the negligent tort-feasor may sometimes be denied on

grounds of public policy because the injury is too remote from the negligence or too "wholly out of proportion to the culpability of the negligent tort-feasor," or in retrospect it appears too highly extraordinary that the negligence should have brought about the harm, or because allowance of recovery would place too unreasonable a burden upon users of the highway, or be too likely to open the way to fraudulent claims, or would "enter a field that has no sensible or just stopping point." *Waube v. Warrington,* 216 Wis. 603, 613, 258 N. W. 497; *Klassa v. Milwaukee Gas Light Co.* 273 Wis. 176, 77 N. W. (2d) 397; *Pfeifer v. Standard Gateway Theater,* 262 Wis. 229, 240, 55 N. W. (2d) 29; *Osborne v. Montgomery,* 203 Wis. 223, 237, 234 N. W. 372; Restatement, 2 Torts, 1948 Suppl., p. 736, sec. 435 (2); Prosser, Law of Torts (2d ed.), p. 265, sec. 48. *Palsgraf v. Long Island R. Co.* 248 N. Y. 339, 162 N. E. 99, is the leading case in this country. In the *Pfeifer Case, supra,* we stated the essential rationale of the cases of that sort in capsule form as follows (p. 238):

". . . in cases so extreme that it would shock the conscience of society to impose liability, the courts may step in and hold as a matter of law that there is no liability."

In such cases it is sometimes said that the actor owed no "duty" to the injured party; but that terminology has been criticized as begging the question. The determination to deny liability is essentially one of public policy rather than of duty or causation. *Klassa v. Milwaukee Gas Light Co.* 273 Wis. 176, 183, 184, 77 N. W. (2d) 397; Prosser, Law of Torts (2d ed.), pp. 168, 172, sec. 36.

We perceive no grounds of public policy on which recovery should be denied in the present action, if plaintiff proves the case asserted in opposition to the motion for summary judgment. The injury was not too remote from the negligence in time or place or sequence of events. Colla was

in the field of peril. It does not impress us as highly extraordinary, looking either forward or backward, that an insecurely parked truck on an inclined alley should roll down the hill and crash into a house abutting on the alley, nor that such crash should frighten or physically injure the occupant of a room adjoining the alley and having windows on the alley side. We see no arresting likelihood of opening the door to fraudulent claims or imposing unreasonable burdens upon users of the highway. Surely recovery in such a case will not "shock the conscience of society."

The fact that a normal man in Colla's position, without heart trouble, would have suffered no substantial injury, does not prevent recovery.

"The negligent actor may be liable for harm to another although a physical condition of the other which is neither known nor should be known to the actor makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his conduct." Restatement, 2 Torts, p. 1221, sec. 461.

Thus in *Sundquist v. Madison Rys. Co.* 197 Wis. 83, 221 N. W. 392, plaintiff was allowed to recover for paralysis resulting from shock and hysteria caused by fright, although such fright would not have caused paralysis in a normally healthy person. For a discussion of the problem see Prosser, Law of Torts (2d ed.), p. 260 ff., sec. 48. It may be observed that heart disease is not a rare ailment.

To the suggestion that the damages in the present case are wholly out of proportion to Mandella's culpability, it may be answered that neither Colla nor the plaintiff, his wife, were negligent or culpable at all, and hence it would be more unfair to leave the burden on them than to put a part of it on the defendants.

In the foregoing discussion we have assumed the truth of the facts presented by the affidavit submitted on behalf

of the plaintiff on the motion for summary judgment. To the extent that such assertions are controverted, it is needless to say they remain to be proved.

*By the Court.*—Order affirmed.

STEINLE, J., took no part.