Barbara L. VOGEL, Dennis Vogel, Plaintiffs,

TANK TRANSPORT, INC., Plaintiff-Appellant,

v.

LIBERTY MUTUAL INSURANCE CO., Steven E. Ellifson,
E&L Truck Rental Co., E&L Transport Co.,
Defendants-Respondents

WEST BEND MUTUAL INSURANCE CO., Defendant.

Court of Appeals

*No. 96–2145. Submitted on briefs August 7, 1997.—Decided
October 28, 1997.*

(Also reported in 571 N.W.2d 704.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *David J. Regele* and *Richard A. Westley* of *Westley Law Offices, S.C.* of Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *W. Ted Tornehl* and *Christopher E. Rogers* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J.   Tank Transport, Inc. (hereinafter "Tank") appeals from a judgment dismissing its tort action against Liberty Mutual Insurance Co., Steven E. Ellifson, E & L Truck Rental Co., and E & L Transport Co. Tank claims that the trial court erred in dismissing Tank's action for tort damages, which sought to recover lost premium dividends and increased payments Tank incurred from its worker's compensation insurance carrier on the grounds that public policy and § 102.29, STATS., bar recovery. Because the trial court correctly concluded that public policy bars recovery for these purely economic damages, we affirm.[1]

---

[1] Because we affirm the trial court on the basis of public policy, we need not address whether § 102.29, STATS., bars recovery as well. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

## I. BACKGROUND

On July 24, 1992, plaintiff Barbara Vogel was traveling northbound in an automobile on North 107th Street in Milwaukee. The defendant, Steven E. Ellifson, was traveling southbound on North 107th Street. Without warning, Ellifson turned left in front of Vogel. Vogel struck the truck driven by Ellifson, causing extensive damages to her automobile and severely injuring her. Vogel was employed by Tank, and was acting in the course of her employment at the time of the accident, and Ellifson was employed by the defendant E & L Transport Co., and was also acting in the course of his employment at the time of the accident. Liberty Mutual provided liability insurance to Ellifson's employer.

Because Vogel was acting in the course of her employment at the time of the accident, Tank's worker's compensation carrier, West Bend Mutual Insurance Co., paid her medical bills and lost wages totaling approximately $15,000. The West Bend insurance policy contained a clause which stated that if West Bend was indemnified by the defendants within eighteen months of the inception of the policy (beginning in August 1993), there would be no effect on Tank's worker's compensation premiums as a result of the accident. The defendants did not reimburse West Bend within this period, however, causing Tank to receive $19,720 less in premium dividends than it would have received had the defendants reimbursed West Bend within the eighteen-month period, and causing West Bend to increase its "experience modifier," which resulted in Tank incurring an additional $3,707 in worker's compensation premiums during the 1994–95 policy year. This increase has also had a simi-

lar effect in raising the premiums for the 1995–96 and 1996–97 policy years as well.

Tank brought an action in tort against defendants Liberty Mutual, Ellifson, E & L Truck Rental Co. and E & L Transport Co. to recover the amount of the increased worker's compensation premiums and amount of the lost premium discounts incurred. The defendants filed a motion to dismiss the action, which the trial court granted stating that public policy and § 102.29, STATS., bars Tank's claims. Tank now appeals.

## II. DISCUSSION

*A. Standard of Review*

A motion to dismiss tests the legal sufficiency of a complaint. *See Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 683, 271 N.W.2d 368, 372 (1978). The issue is not whether the plaintiff can prove the case as pled, but whether the complaint is legally sufficient to state a claim upon which relief can be granted. *See Scarpaci v. Milwaukee County*, 96 Wis. 2d 663, 669, 292 N.W.2d 816, 819 (1980). On a motion to dismiss, the facts pled are taken as true and inferences from the pleadings are construed in favor of the party against whom the motion is brought. *See Heinritz v. Lawrence Univ.*, 194 Wis. 2d 606, 610, 535 N.W.2d 81, 83 (Ct. App. 1995). A claim is dismissed when "it is quite clear that under no conditions can the plaintiff recover." *State v. American T.V. & Appliance*, 146 Wis. 2d 292, 300, 430 N.W.2d 709, 712 (1988) (citations omitted). Whether a complaint properly pleads a cause of action upon which relief may be granted is a question of law this court reviews *de novo. See Heinritz*, 194 Wis. 2d at 610, 533 N.W.2d at 83.

## B. Public Policy

Tank claims that the trial court erred in dismissing its action on public policy considerations. Tank claims that applying each of the public policy considerations enumerated by the court in *Colla v. Mandella*, 1 Wis. 2d 594, 85 N.W.2d 345 (1957), fails to produce any basis for protecting the respondents from the damages caused by their employee's negligence. We disagree.

As both parties to this action concede, liability in tort may be denied based on factors that the courts have termed "public policy considerations." *See id.* at 598–99, 85 N.W.2d at 348. The application of these considerations is the function of the court and does not always require a full factual resolution of the cause of action through a trial. *See Hass v. Chicago & Northwestern Ry. Co.*, 48 Wis. 2d 321, 327, 179 N.W.2d 885, 888 (1970). Where the public policy question is fully presented by the complaint, a court may make a public policy determination without requiring a trial. *See Rieck v. Medical Protective Co.*, 64 Wis. 2d 514, 520, 219 N.W.2d 242, 245 (1974). "Public policy is involved in determining whether a particular claim is compensable as a matter of law." *See Howard v. Mount Sinai Hosp. Inc.*, 63 Wis. 2d 515, 520, 217 N.W.2d 383, 386 (1974) (Hansen, J., concurring).

The court in *Colla*, enumerated a number of considerations to be applied in determining whether or not imposing liability in a tort action violates public policy. These considerations have been summarized to include the following: (1) the injury is too remote from the negligence; (2) the injury is too wholly out of proportion to the culpability of the negligent tortfeasor; (3) in retro-

spect, it appears too highly extraordinary that the negligence should have brought about the harm; (4) allowance of recovery would place too unreasonable a burden on the tortfeasor; (5) allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no just or sensible stopping point. *See Citizens State Bank v. Timm, Schmidt & Co.*, 113 Wis. 2d 376, 387, 335 N.W.2d 361, 366 (1983). In applying these rationales to the case at bar, the trial court found:

> Although denial of liability in this case may be justified on multiple factors, the Court finds, in particular, that the business loss suffered by Tank Transport in the form of increased premiums and lost discounts is too remote from the negligence of the defendant in failing to exercise due care when making a left turn on a city street.
>
> Employers are required by law to provide Worker's Compensation insurance for their employees. And the cost of providing such insurance is a necessary cost of doing business. The fact that the premiums may rise or discounts may be lost following a claim is simply the nature of the insurance industry. . . . The court finds that the negligent act of failing to use due care while driving is simply too remote to impose liability on the defendant for the collateral consequence of increased Worker's Compensation premiums and lost discounts.

Tank argues that the negligence of the truck driver in causing the increase in premiums and lost discounts is not too remote. Tank states that increased premiums and reduced dividends were caused directly by Ellifson's negligence and thus, Tank should be able to recover for these damages. We affirm the trial court's decision that public policy bars this action, but base our

449

decision on the public policy that in allowing this claim, we would be entering a field that has no sensible or just stopping point.

If Tank is allowed to recover from a tortfeasor for increased premiums and lost dividends pertinent to a worker's compensation insurance policy that it is required to maintain by law, what next? Will every automobile driver in this state who gets into an auto accident and as a result has to pay an increase in auto insurance premiums be able to sue to recover those increased premiums? And if so, for how long will the tortfeasor have to pay for the increased premiums—for as long as the insurance company decides to charge or only for the following year? What happens if that same driver gets into multiple car accidents? Which tortfeasor pays which premium? And will the tortfeasor be expected to compensate the driver whose insurance company terminates the auto policy because the driver was involved in too many accidents?

Will this recovery for increased premiums extend to homeowner's and renter's insurance policies? What about the numerous other types of insurance?

These issues raise another problem relative to allowing the recovery sought. To what extent do other factors come into play? If the tortfeasor is found to be only partially responsible, will the tortfeasor only have to pay that percentage of the premium increase? With respect to the instant accident, would payment of the increased premiums be reduced by any percentage of negligence attributed to Vogel? What will happen where a case involves multiple tortfeasors? And specific to worker's compensation issues, other factors are still at work. For example, a worker's compensation insurer may choose not to raise the rates if a company has only one claim. However, if there have been multi-

ple claims, these claims, in aggregate, may lead a worker's compensation carrier to raise the premiums. Should the tortfeasor responsible for the initial claim be let off the hook while we hold the subsequent tortfeasor responsible? While the amount that any individual accident counted against that decision may be calculated, the other accidents had an overall effect as to whether or not the rates would be raised.

In sum, the position of Tank as a third-party plaintiff who suffered economic injury as a consequence of Vogel's injuries, and the varying operating practices of insurance companies, lead this court to the conclusion that opening the door to these damages would enter a field with no sensible stopping point. Liability for damages, caused by a wrong, ceases at a point dictated by public policy and common sense. *Wilson v. Continental Ins. Co.*, 87 Wis. 2d 310, 325, 274 N.W.2d 679, 686 (1979). We hold that public policy and common sense preclude Tank's recovery for these damages.

*By the Court.*—Judgment affirmed.

FINE, J. *(dissenting)*. I disagree with the majority's view that the public policy of this state bars Tank Transport's claim.

Public policy determinations in this state that are within the ambit of judicial authority are made by the supreme court. *See Swan v. Elections Bd.*, 133 Wis. 2d 87, 93–94, 394 N.W.2d 732, 734–735 (1986); *Cox v. Wisconsin Department of Health & Social Services*, 184 Wis. 2d 309, 315 n.1, 517 N.W.2d 526, 528 n.1 (Ct. App. 1994). The supreme court has accepted the no-holds-barred view of tort liability: "The duty of any person is the obligation of due care to refrain from any act which

will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act." *A.E. Investment Corp. v. Link Builders, Inc.*, 62 Wis. 2d 479, 483, 214 N.W.2d 764, 766 (1974).

> A defendant's duty is established when it can be said that it was foreseeable that his act or omission to act may cause harm to someone. A party is negligent when he commits an act when some harm to someone is foreseeable. Once negligence is established, the defendant is liable for unforseeable [*sic*] consequences as well as foreseeable ones. In addition, he is liable to unforeseeable plaintiffs.

*Id.*, 62 Wis. 2d at 484, 214 N.W.2d at 766. Thus, under Wisconsin law a tortfeasor is liable to an injured plaintiff "if there is an unbroken chain of causation from the negligent act to the injury sustained and if the negligence is a substantial factor," unless public-policy considerations intervene. *Howard v. Mt. Sinai Hospital, Inc.*, 63 Wis. 2d 515, 523a–523b, 219 N.W.2d 576, 577 (1974) (*per curiam*, on reconsideration).

"Some of the various public policy factors that may be appropriately invoked to deny liability even in the face of an unbroken chain of causation" are:

> [T]he injury is (1) too remote from the negligence or (2) too wholly out of proportion to the culpability of the negligent tort-feasor, or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm, or (4) because allowance of recovery would place too unreasonable a burden upon users of the highway, or (5) be too likely to open the way to fraudulent claims, or (6) would enter a field that has no sensible or just stopping point.

*Id.*, 63 Wis. 2d at 523b, 219 N.W.2d at 577 (quoted source and internal quotes omitted). When viewed in the light of Wisconsin precedent, none of these considerations is present here.

1. *Remoteness.* Under existing Wisconsin tort law, the injury to Tank Transport can hardly be considered "remote." *See Colla v. Mandella*, 1 Wis. 2d 594, 597, 599–600, 85 N.W.2d 345, 347, 348 (1957) (man's death from heart failure ten days after he was "frightened" when truck hit house in which he was napping was not too remote even though defendant "neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred").

2. *Proportionality to fault.* Tank Transport seeks to recover damages that are the direct result of the tortfeasor's negligence. Under existing Wisconsin tort law the injury to Tank Transport can hardly be considered out of proportion to the tortfeasor's culpability. *See Beacon Bowl, Inc. v. Wisconsin Electric Power Co.*, 176 Wis. 2d 740, 762–763, 501 N.W.2d 788, 796–797 (1993) (liability for eighty-five percent of $427,000 in damages to building caused by an unexpected surge of electricity resulting from the electric company's failure to properly trim trees near power lines not disproportionate to electric company's negligence).

3. *Foreseeability.* Increase of insurance premiums assessed against those involved in accidents but who are without fault is common. It can hardly be argued that "in retrospect it appears too highly extraordinary that the negligence should have brought about the harm" (*Howard*, 63 Wis. 2d at 523b, 219 N.W.2d at 577). *See Beacon Bowl*, 176 Wis. 2d at 764, 501 N.W.2d at 797 (electric com-

pany liable for damages caused by its failure to trim trees even though chain of events resulting in fire was rare).

4. *Burden on drivers.* Permitting recovery here would not add to the burden of drivers, who already are required to drive without negligence. *See Beacon Bowl,* 176 Wis. 2d at 763–764, 501 N.W.2d at 797 (imposing liability on electric company for damages caused by its failure to trim trees properly "will neither increase [it's] common-law duty nor subject it to an unreasonable burden").

5. *Possibility of fraudulent claims.* Imposing liability upon the tortfeasor here for Tank Transport's damages will no more open the door to a rush of fraudulent claims than does imposing liability on tortfeasor/drivers for damages to either other drivers and pedestrians or other third-party claimants such as spouses and minor children.

6. *Stopping points.* The majority recites what it sees as possible complications that would flow from permitting recovery here. They and similar problems of apportioning liability between responsible parties are routinely resolved by our tort-law system, and, indeed, present obstacles that are *de minimus* compared to some that are handled without significant difficulty—for example, how to "compensate" a decedent's estate for any pain and suffering that the decedent might have endured in the moments between an accident and death, *see Blaisdell v. Allstate Ins. Co.,* 1 Wis. 2d 19, 24–26, 82 N.W.2d 886, 889–890 (1957), or even pre-fatal-injury fear, *see Nelson v. Dolan,* 434 N.W.2d 25, 30–32 (Neb. 1989) (five seconds) (collecting cases). Specific problems of liability and calculation can

be considered when and if they arise. As Judge (and later Justice) Benjamin Nathan Cardozo once observed in another context: "Grotesque or fanciful situations, such as those supposed, will have to be dealt with when they arise." *Gaines v. City of New York*, 109 N.E. 594, 596 (N.Y. 1915). In my view, none of the difficulties hypothesized by the majority is present here.

The purpose of tort law is to make whole those who suffer damages as a result of another's negligence. *See Jones v. Dane County*, 195 Wis. 2d 892, 918, 537 N.W.2d 74, 82 (Ct. App. 1995). Indeed, the courts often impose liability without proof of negligence or fault, *see Dippel v. Sciano*, 37 Wis. 2d 443, 155 N.W.2d 55 (1967) (adopting RESTATEMENT (SECOND) OF TORTS § 402A), and even order the payment of money to living, uninjured persons as "compensation" for the pain and fear of death suffered by their dead relatives, *see Blaisdell; Nelson.*

Tank Transport is an innocent victim of another's negligence. I see no persuasive reason why, under established Wisconsin precedent and public policy as crafted by the supreme court, it should not be able to recover damages that flow directly from that negligence. *See Ledex, Inc. v. Heatbath Corp.*, 461 N.E.2d 1299, 1300, 1303–1304 (Ohio 1984) (Neither Ohio workers' compensation law nor public policy bars "an employer whose employee suffers injuries and recovers workers' compensation therefor from recovering damages for increased workers' compensation premiums from a third party whose conduct caused the employee's injuries.").[1]

---

[1] Pennsylvania and Connecticut do not permit recovery. *Whirley Industries, Inc. v. Segel*, 462 A.2d 800 (Pa. Super. 1983

I would reverse.[2]

(*per curiam*); *RK Constructors, Inc. v. Fusco Corp.*, 650 A.2d 153 (Conn. 1994). There are substantial differences, however, between the law and policy of those states and that of Wisconsin. Unlike Pennsylvania, Wisconsin has rejected the foreseeability focus of *Palsgraf v. Long Island R. Co.*, 162 N.E. 99, 99 (1928) ("Relatively to [the plaintiff] it was not negligence at all. Nothing in the situation gave notice that the falling package had in it the potency of peril to persons thus removed."). The essence of *Whirley* is that lack of foreseeability bars recovery as a matter of policy. *Whirley*, 462 A.2d at 804 ("an increase in an employer's Workmen's Compensation premiums following an automobile accident is not reasonably foreseeable by a driver"; adhering to the foreseeability/duty theory of *Palsgraf*). That is not the law in Wisconsin. Moreover, *RK Constructors* held that although the increased worker's compensation premiums *were* foreseeable by the tortfeasor, *RK Constructors*, 650 A.2d at 156, the damages were "too remote to be chargeable to the" tortfeasor, *id.*, 650 A.2d at 157. For the reasons noted in the main body of this dissent, I respectfully disagree.

[2] Unlike the defendants, the majority does not contend that Wisconsin's worker's compensation law bars this action. I agree that it does not.

As material here, § 102.29(1), STATS., provides:

> *The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe [sic] shall not affect the right of the* employe [sic], the employe's [sic] personal representative, *or other person entitled to bring action,* to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; nor shall the making of a claim by any such person against a 3rd party for damages by reason of an injury to which ss. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe [sic] or the employe's [sic] dependents to recover compensation. *The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death.*

(Emphasis added.)

*Kottka v. PPG Industries, Inc.*, 130 Wis. 2d 499, 521–522, 388 N.W.2d 160, 170 (1986), recognizes that a non-employee damaged (wife's loss of consortium) by a tortfeasor's injury to an employee covered by the worker's compensation law (husband) may sue the third-party tortfeasor to recover those damages without reference to § 102.29(1), STATS. Indeed, the amount recovered by Mrs. Kottka was not subject to allocation under § 102.29(1), STATS., because her loss-of-consortium claim was "a claim for personal injury to her, not a claim 'for the injury or death of an employe' [*sic*] within the meaning of sec. 102.29(1), Stats." *Kottka*, 130 Wis. 2d at 521–522, 388 N.W.2d at 170. By the same token here, Tank Transport's negligence claim against the tortfeasor seeks recovery for its own damages, not "for the injury" to it's employee within the meaning of § 102.29(1).