Jaime R. PETERSON, Plaintiff-Appellant,

v.

VOLKSWAGEN OF AMERICA, INC., Defendant-
Respondent.†

Court of Appeals

*No. 03–0955. Submitted on briefs November 18, 2003.—Decided March 31, 2004.*

2004 WI App 76

(Also reported in 679 N.W.2d 840.)

† Petition for review granted 6-8-04.

SNYDER, J., dissents.

 ██

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Gregory H. Moss, Scott M. Cohen,* and *Matthew J. McClenahan* of *Krohn & Moss, Ltd.,* of Chicago, Illinois.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Bruce D. Huibregtse* and *Drew J. Cochrane* of *Stafford Rosenbaum LLP* of Madison.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. BROWN, J. Jaime R. Peterson appeals from an order dismissing her claim for breach of warranty brought pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–12 (2004). Peterson contends that the circuit court erred in concluding that because she leased, rather than purchased, the vehicle under warranty, she fails to satisfy the Magnuson-Moss Act's definition of a "consumer" and is therefore not entitled to the Act's protections. We hold that where the sale is made in an effort to facilitate a lease, the issuance of the

warranty accompanies this sale, and the lessor explicitly transfers its rights in the warranty to the lessee—as was allegedly the case here—the lessee is entitled to the protections of the Act. Accordingly, we reverse and remand the case for further proceedings consistent with this opinion.

¶ 2. This case comes to us as an appeal from a grant of a motion to dismiss. A motion to dismiss a complaint for failure to state a claim tests the legal sufficiency of the complaint. *Wausau Tile, Inc. v. County Concrete Corp.*, 226 Wis. 2d 235, 245, 593 N.W.2d 445 (1999). The facts set forth in the complaint must be taken as true and the complaint dismissed only if it appears certain that no relief can be granted under any set of facts the plaintiffs might prove in support of their allegations. *Northridge Co. v. W.R. Grace & Co.*, 162 Wis. 2d 918, 923, 471 N.W.2d 179 (1991). The reviewing court must construe the facts set forth in the complaint and all reasonable inferences that may be drawn from those facts in favor of stating a claim. *Id.* at 923–24. Whether a complaint states a claim for relief is a question of law which this court reviews de novo. *Wausau Tile, Inc.*, 226 Wis. 2d at 245.

¶ 3. This dispute concerns the lease of an automobile, a 1999 Volkswagen Beetle, manufactured by Volkswagen of America, Inc. The complaint states that North Shore Bank purchased the Beetle from Ernie Von Schledorn Pontiac Buick Volkswagen, an authorized Volkswagen dealer, in order to facilitate the lease of the Beetle to Peterson. In consideration for the sale of the Beetle, Volkswagen issued and supplied to North Shore Bank its written warranty, which included two-year or twenty-four-thousand mile bumper-to-bumper coverage, as well as other warranties outlined in the Vehicle

Limited Warranty booklet. On or about March 27, 1999, Peterson leased and took possession of the Beetle from North Shore Bank. On or about that same date, North Shore Bank assigned its rights in the Volkswagen warranty to Peterson.[1] The complaint further alleges that the transfer of Volkswagen's warranty "occurred during the duration of said warranty."

¶ 4. Pursuant to Volkswagen's warranty, Peterson tendered the Beetle to Volkswagen's authorized dealerships for repair on numerous occasions. Specifically, Peterson tendered the Beetle for repair due to defects in its engine as evidenced by intermittent illumination of the check engine light, intermittent illumination of the check oil light, the vehicle not running, and problems with the keyless entry system and windows. Volkswagen, through its authorized dealerships, attempted to repair the Beetle on at least four occasions. Volkswagen, however, was unable to remedy the defects in the car.

¶ 5. In August 2002, Peterson revoked her acceptance of the vehicle in writing. Volkswagen refused Peterson's attempt to revoke acceptance of the Beetle. Thereafter, Peterson filed a three-count complaint

---

[1] Volkswagen contends that North Shore Bank did not purchase the vehicle and Ernie Von Schledorn is, in fact, the lessor. For support, Volkswagen points out that while Peterson's complaint states that North Shore Bank is the lessor, the lease attached to the complaint designates the Ernie Von Schledorn dealership as the lessor of the vehicle. While we acknowledge that this discrepancy causes confusion as to the nature of the transaction and on remand the facts may show differently, the complaint alleges that North Shore Bank bought the vehicle from Ernie Von Schledorn and then leased it to Peterson and we must construe the facts in a complaint and all reasonable inferences as true. *See Northridge Co. v. W.R. Grace & Co.*, 162 Wis. 2d 918, 923–24, 471 N.W.2d 179 (1991).

against Volkswagen, alleging that (1) Volkswagen breached its written warranty pursuant to the Magnuson-Moss Act; (2) Volkswagen breached its implied warranty of merchantability pursuant to the Magnuson-Moss Act; (3) Peterson revoked her acceptance of the Beetle pursuant to the Magnuson-Moss Act.

¶ 6. Volkswagen filed a motion to dismiss Peterson's complaint pursuant to Wis. Stat. § 802.06 (2001–02)[2], arguing that because Peterson is an automobile lessee, she failed to satisfy the definition of the term "consumer" in the Magnuson-Moss Act. The circuit court agreed and granted Volkswagen's motion to dismiss, concluding that the Magnuson-Moss Act applies only when "a warranty, whether written or implied, [is] in connection with the sale of a vehicle." This appeal follows.

¶ 7. The sole issue we address on appeal is whether Peterson has standing to pursue her claim under the Magnuson-Moss Act. The Act allows a "consumer" to bring a suit where he or she claims to be "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act] or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). The interpretation of a statute is a question of law that we review de novo. *Morris v. Juneau County*, 219 Wis. 2d 543, 550, 579 N.W.2d 690 (1998).

¶ 8. For purposes of the Act, a "supplier" is "any person engaged in the business of making a consumer product directly or indirectly available to consumers." 15 U.S.C. § 2301(4). In addition, a "warrantor" is defined

___

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

to mean "any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C. § 2301(5). Here, Peterson has alleged that Volkswagen is in the business of manufacturing, selling and distributing motor vehicles and related equipment and services as well as marketing, supplying and selling written warranties to the public through a system of authorized dealerships, including Ernie Von Schledorn. Therefore, Peterson has alleged that Volkswagen is both a "supplier" and a "warrantor."

██

¶ 9. We now turn to the question of whether Peterson qualifies as a "consumer" under the Act. The Act defines three categories of "consumer"[3]: a category one consumer is "a buyer (other than for purposes of resale) of any consumer product"; a category two consumer is "any person to whom such product is transferred during the duration of an implied or written warranty (or service contract)"; and, a category three consumer is "any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract)." 15 U.S.C. § 2301(3). Accordingly, there are three classes of individuals that may qualify as a "consumer": (1) buyers; (2) transferees; and (3) persons entitled to enforce the warranty. *Szubski v. Mercedes-Benz, U.S.A., L.L.C.*, 796 N.E.2d 81, 85 (Ohio

---

[3] For ease of reference, we will adopt the Seventh Circuit's manner of distinguishing between the three types of consumers. In *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 522 n.1 (7th Cir. 2003), although the statute itself does not use this terminology, the court referred to the three types of consumers as category one, two and three consumers.

Com. Pl. 2003). Here, Peterson alleged in her complaint that she leased and took possession of the Beetle during the time in which a written two-year or twenty-four-thousand mile "bumper to bumper" warranty issued by Volkswagen was in effect. We agree with Peterson that a plain reading of the Act reveals that this is sufficient to establish that the automobile was transferred to her during the effective period of the warranty. *See id.* at 85 (holding that a lessee qualified as a transferee where the plaintiffs "alleged that they leased the automobile during the time period in which a written four-year or fifty-thousand mile 'bumper to bumper' warranty issued by the manufacturer was in effect"); *see also* BLACK'S LAW DICTIONARY 1504 (7th ed. 1999) (defining "transfer" as "to change over the possession or control of"). This, however, does not end the inquiry. The Act allows enforcement only of an implied or written warranty as defined by the Act. *Cohen v. AM Gen. Corp.*, 264 F. Supp. 2d 616, 619 (N.D. Ill 2003).

¶ 10. A written warranty is defined as:

(A) any written affirmation of fact or written promise made in connection *with the sale of a consumer product by a supplier to a buyer* which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

(B) any undertaking in writing *in connection with the sale* by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, which written

683

> affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer *for purposes other than resale* of such product.

15 U.S.C. § 2301(6) (emphasis added). Thus, to qualify as an enforceable written warranty for purposes of the Act, a writing must have either been made as part of a sale or made "in connection with a sale by a supplier," and "be a part of the basis of the bargain between a supplier and a buyer for purposes other than resale." *See id.*

¶ 11. Peterson contends that Volkswagen's warranty was given "in connection with a sale" of the car and the sale was "for purposes other than resale." She points out that in her complaint she alleges that a sale occurred between North Shore Bank and the Ernie Von Schledorn dealership and this sale was for the nonresale purpose of facilitating and financing the lease of the car. Volkswagen responds that, under the Act, a sale to a consumer with a passage of title is required in order for there to be a "written warranty." Volkswagen suggests that because the Act does not define "buyer" or "sale," we must look to the UNIFORM COMMERCIAL CODE to define those terms. Under the UCC, the definition of "sale" demands a "passing of title." UNIFORM COMMERCIAL CODE § 2–106(1) (1989). "Buyer" is defined as "a person who buys or contracts to buy goods." UNIFORM COMMERCIAL CODE, § 2–103(1)(a) (1989). According to Volkswagen, Peterson was neither a "buyer" nor a party to a "sale" because there is no transfer of title in a lease transaction. Thus, Volkswagen contends, Peterson has no standing to pursue her claim under the Act.

¶ 12. As both parties recognize, no Wisconsin court has addressed the question of whether an automobile lessee is entitled to enforce a written warranty

issued as part of a lease transaction under the Act. The persuasive authorities of other jurisdictions are divided on this question.

¶ 13. In *DiCintio v. DaimlerChrysler Corp.*, 768 N.E.2d 1121, 1122–23 (N.Y. 2002), the New York Court of Appeals held that the Act did not apply to a thirty-six-month lease with an option to buy. The court held that a lessee was not a "consumer" because he was neither a buyer, a transferee nor a person entitled to enforce the warranty. *Id.* at 1124. The court determined that no "written warranty" was in effect during the lease period because no "sale" had occurred as that term is defined in the UCC. *Id.* The court reasoned that the lessee enjoyed a different bundle of rights than a buyer, could have chosen not to buy, and paid less than a buyer who opts for a monthly payment plan. *Id.* at 1125. The court also noted that congress's inclusion of leases in other consumer protection statutes, such as the Truth in Lending Act, is evidence that congress knew how to draft legislation to protect leases and opted not to include such protection in the Magnuson-Moss Warranty Act. *Id.* at 1125–26. Other courts have also held that the Act does not cover leases. *See Sellers v. Frank Griffin AMC Jeep, Inc.*, 526 So. 2d 147, 155-56 (Fla. Dist. Ct. App. 1988) (holding that the Act's provisions did not apply to a pure automobile lease that offered no purchase option because leases and sales give rise to very different legal obligations); *D.L. Lee & Sons, Inc. v. ADT Sec. Sys., Mid-South, Inc.*, 916 F. Supp. 1571, 1580 (S.D. Ga. 1995) (concluding "[t]here must be an identifiable purchase and sale before the provisions of the Magnuson-Moss Act apply").

¶ 14. On the other hand, in *Cohen*, 264 F. Supp. 2d at 618, 621, the United States District Court for the Northern District of Illinois held that the Act applied to

685

the lease of a 1999 American General Hummer where the lease terms included an option to buy at the end of the lease period. The court held that the warranty delivered from the manufacturer to the lessor was a "written warranty" as defined by the Act. *Id.* at 620. The court reasoned that the terms of the warranty were part of the bargain between the manufacturer and the lessor; therefore, the warranty was issued "in connection with" the sale of the vehicle from the manufacturer to the lessor. *Id.* at 619–20. Accordingly, the court held that the term "sale" as defined in the Act, "is not limited to transactions between the warrantor and the ultimate consumer." *Id.* at 619. The court rejected the *DiCintio* court's conclusions with respect to the significance of a lessee's rights as compared to a buyer's rights:

> The Act does not require us to look at the bundle of rights acquired by the purchaser and the lessee. Instead, a plain reading of the Act forces us to simply look for a warranty exchange in connection with a sale. Defendant clearly sold the vehicle to Mister Leasing and, when doing so, made a series of promises in connection with this sale. This is enough for the warranty to meet the first part of the definition of "written warranty" in 15 U.S.C. § 2301(6).

*Cohen*, 264 F. Supp. 2d at 620. Other courts are of a similar mind. *Szubski,* 796 N.E.2d at 88 (holding that the Act does not require the sale to be made to an ultimate consumer with a passage of title to that party); *Dekelaita v. Nissan Motor Corp. in USA*, 799 N.E.2d 367, 373 (Ill. App. Ct. 2003) (holding that the Act does not limit a "sale" to transactions between the warrantor and the ultimate consumer); *Voelker v. Porsche Cars North Am., Inc.*, 353 F.3d 516, 524–25 (7th Cir. 2003)

(holding that the act applied to automobile lease trans-
actions where the lessee is entitled to enforce the
warranty under state law).

¶ 15. We agree with the courts that have held that
where the sale of a vehicle is merely to facilitate a lease,
the issuance of the warranty accompanies this sale, and
the lessor explicitly transfers its rights in the warranty
to the lessee—the lessee is protected by the Magnuson-
Moss Act. The interpretations in *DiCintio* and cases
that concur with it are not required by the language of
the Act, as *Cohen*, *Szubski* and other opinions show. *See
Szubski*, 796 N.E.2d at 87–88; *Dekelaita*, 799 N.E.2d at
373; *Cohen*, 264 F. Supp. 2d at 619–20. The statutorily
defined term "written warranty" does not dictate that
the sale be made to an ultimate consumer with a
passage of title to the party. The language of the Act
demands only that we find a warranty exchange be-
tween a buyer and a supplier in connection with a sale
made for purposes other than resale. 15 U.S.C. §
2301(6). Furthermore, like the courts in *Cohen* and
*Szubski*, we believe this interpretation is in keeping
with the purposes of the Act, which is to protect the
ultimate user of the product. *See DiCintio*, 768 N.E.2d
at 1123 (quoting H.R. Rep. No. 93–1107 *reprinted in*
1974 U.S.C.C.A.N. 7702, 7708); *Cohen*, 264 F. Supp. 2d
at 620–21; *Szubski*, 796 N.E.2d at 87–88. To the extent
that a lessee fits the definition of "consumer" by receiv-
ing an automobile in transfer, it would be unreasonable,
if not illogical, to conclude that a lessee does not enjoy
the same right to enforce a warranty as a purchaser
enjoys. The *Cohen* court aptly articulated this point
when it made the following observation:

> Plaintiffs here fit squarely within the definition of
> "consumer" in that they are entitled to enforce the

warranty by the terms of 15 U.S.C. § 2301(3). If we then determine that this warranty does not qualify as a written warranty under the Act, there is nothing for the plaintiffs to enforce. Moreover, when selling the [consumer product to the lessor], [the manufacturer] was aware that [the lessor] was facilitating a lease and transferring possession of the vehicle to plaintiffs. It knew that plaintiffs would be the users of the vehicle and the only party who would likely seek to enforce the warranty. If they are unable to do so, the assurances of the manufacturer are empty—no party would be able to enforce the warranty.

*Cohen*, 264 F. Supp. 2d at 621.

¶ 16. In reaching our conclusion, we observe that in *Voelker*, the Seventh Circuit conducted a thorough and painstaking analysis of the Act as it applies to automobile lessees claiming breach of written warranty. There, Porsche, the manufacturer, sold the automobile to one of its dealerships, which then took title to the vehicle and leased it to Voelker. *Voelker*, 353 F.3d at 520. As part of the lease agreement, Porsche and the dealership provided Voelker with a written warranty. *Id.* Before determining that Voelker qualified as a category three consumer, the Seventh Circuit rejected Voelker's claims that he could proceed as either a category one or a category two consumer. The court maintained that Voelker was not a buyer "for purposes other than resale" because the term "buyer," presupposes that a "sale" take place and the only "sale" in that case, which occurred between Porsche and its dealership, was for the purposes of resale. *Id.* at 523. The court next determined that he failed to allege facts that would show that the automobile was transferred to him "during the duration of [the written warranty.]" *Id.* at 524. The court explained that the warranty by its own terms did not begin until after possession of the car was transferred

to Voelker. *Id.* The court then held that Voelker qualified as a category three consumer because he was entitled under applicable State law to enforce the obligations of the warranty against Porsche. *Id.* at 525. The court observed that under the state law of Illinois, as an assignee of that warranty, a lessee like Voelker was entitled to enforce the rights arising from the warranty. *Id.* at 524 (citing *Collins Co. v. Carboline Co., Ltd.*, 532 N.E.2d 834, 837 (1988), which held that an assignee of a warrantee's rights under an express warranty succeeds to all those rights and stands in privity with the warrantor).

¶ 17. Unlike the court in *Voelker*, we need not reach the question of whether Peterson qualifies as a category three consumer by virtue of Wisconsin law because the facts as alleged are different. Peterson's complaint alleges the vehicle came with Volkswagen's manufacturer's warranty, which was in effect at the time it was sold to North Shore Bank, and North Shore Bank assigned its rights in the warranty to Peterson when it leased her the vehicle. The complaint further states that the terms of the warranty were part of the bargain between Ernie Von Schledorn, who is alleged to be a supplier by virtue of its status as a Volkswagen dealership, and North Shore Bank, the alleged buyer to whom title of the vehicle passed. It is doubtful that North Shore Bank and Peterson would have agreed to the sale if it were not for the warranty. Additionally, contrary to Volkswagen's assertions, this sale was for purposes other than resale. The complaint states that North Shore Bank would not have purchased the Beetle if it were not for the leasing agreement with Peterson. Nothing in the complaint suggests that North Shore Bank ever intended to add the Beetle to its inventory or advertise it for sale to other parties. Put simply, taking

all the allegations in the complaint as true, North Shore Bank profited from this transaction through the lease agreement. Thus, while it may be true that North Shore Bank was likely to sell the vehicle after the expiration of the lease—perhaps even to Peterson pursuant to the lease's option to purchase clause—the purpose of the transaction between North Shore Bank and Ernie Von Schledorn was for the lease of the vehicle to Peterson and not for resale. Accordingly, we hold that Peterson is a category two consumer permitted under the Act to enforce Volkswagen's written warranty.[4]

---

[4] The dissent argues that even under Wisconsin's liberal pleading rules, Peterson has failed to present the critical facts in her complaint that would allow her to claim standing as a category two consumer under the Act because she did not attach the written warranty to the complaint. Thus, the dissent concludes, our determination that Peterson is a category two consumer is premature. The dissent argues that the proper remedy is to vacate the order dismissing Peterson's complaint, reinstate the motion to dismiss and remand the matter to allow the trial court to review the written warranty using the *Voelker* analysis.

Our response to the dissent is twofold. First, the dissent's rationale implies that in order to withstand a motion to dismiss, a complainant under the Act must provide proof of the facts alleged in the complaint by attaching the written warranty. This conclusion is contrary to the law. In assessing the sufficiency of the complaint, the court does not evaluate whether the plaintiff can prove the allegations of the complaint. *See, e.g., Vogel v. Liberty Mut. Ins. Co.*, 214 Wis. 2d 443, 447, 571 N.W.2d 704 (Ct. App. 1997); *Riedy v. Sperry*, 83 Wis. 2d 158, 165–66, 265 N.W.2d 475 (1978). The purpose of the complaint is to give notice of the nature of the claim; and, therefore, it is not necessary for the plaintiff to set out in the complaint all the facts which must eventually be proved to recover. *Energy Complexes, Inc. v. Eau Claire County*, 152 Wis. 2d 453, 463, 449 N.W.2d 35 (1989). Second, bearing this in mind, our conclusion is not premature.

*By the Court.*—Order reversed and cause remanded.

¶ 18. SNYDER, J. (*dissenting*). The majority opinion reverses the order dismissing Peterson's complaint and concludes that she is a consumer under the Magnuson-Moss Warranty Act. I respectfully dissent from the majority opinion conclusion "that Peterson is a category two consumer permitted under the Act to enforce Volkswagen's written warranty." That conclusion is premature and unfair to the trial court and to the parties. I would vacate the order and remand for further consideration of the motion to dismiss by the trial court and the parties.

¶ 19. Peterson is a lessee of the Volkswagen vehicle. The majority opinion acknowledges that at the time of the dismissal order, February 26, 2003, existing case law supported the trial court's holding that a "lessee" was not a "consumer" under the Act. *DiCintio v. DaimlerChrysler Corp.*, 768 N.E.2d 1121, 1124 (N.Y. 2002); *Sellers v. Frank Griffin AMC Jeep, Inc.*, 526 So. 2d 147, 156 (Fla. Dist. Ct. App. 1988); and *D.L. Lee & Sons, Inc. v. ADT Sec. Sys., Mid-South, Inc.*, 916 F. Supp. 1571, 1580 (S.D. Ga. 1995). Our primary function is error correcting, *see Cook v. Cook*, 208 Wis. 2d 166, 188, 560 N.W.2d 246 (1997), and normally that would

The outcome of this appeal is driven by the facts alleged in Peterson's complaint—namely, that a sale occurred between Ernie Von Schledorn and North Shore Bank, North Shore Bank leased the vehicle to Peterson and that North Shore Bank assigned to Peterson its rights in Volkswagen's written warranty during the duration of the warranty. Thus, for now, Peterson is a category two consumer. Her status may change if the facts are determined to be different than those alleged in the complaint. To the extent that the facts are later shown to be different, the appropriate remedy will take place at the summary judgment stage.

settle the issue in favor of the trial court's order. However, the majority opinion, relying upon *Cohen v. AM General Corp.*, 264 F. Supp. 2d 616 (N.D. Ill. 2003), concludes that *DiCintio* is wrongly decided and that Peterson is a category two consumer under the Act.[1]

¶ 20. The *Cohen* decision was released on March 10, 2003. The trial court was not aware of the *Cohen* analysis on February 26, 2003, when it applied *DiCintio* (issued February 13, 2002) and dismissed Peterson's complaint as not being cognizable under the Act. The parties have briefed *Cohen*'s impact on the appellate issue and we can review the *Cohen* argument even though the argument was not available to the trial court. *See Harvest Sav. Bank v. ROI Invs.*, 209 Wis. 2d 586, 596, 563 N.W.2d 579 (Ct. App. 1997). *Cohen* concludes that "the *purpose* of the transaction between [the buyer/lessor] and the [manufacturer] was not for resale, but for the lease of the vehicle to [the lessee]." *Cohen*, 264 F. Supp. 2d at 619. Cognitively, *Cohen* then concedes that "other courts have disagreed with this interpretation." *Id.*

¶ 21. One other court that is not in lockstep with *Cohen* is *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516 (7th Cir. 2003).[2] *Voelker* (released Decem-

---

[1] The majority opinion also cites to *Szubski v. Mercedes-Benz, U.S.A., L.L.C.*, 796 N.E.2d 81 (Ohio Com. Pl. 2003), *Dekelaita v. Nissan Motor Corp. in USA*, 799 N.E.2d 367 (Ill. App. Ct. 2003), and *Voelker v. Porsche Cars North Am., Inc.*, 353 F.3d 516 (7th Cir. 2003). *Szubski* and *Dekelaita* are cited as being courts "of a similar mind" to *Cohen v. AM General Corp.*, 264 F. Supp. 2d 616 (N.D. Ill. 2003). *Voelker* will be addressed later in this dissent.

[2] *Voelker* was not only released after *Cohen* but cites to *Cohen* in its analysis of whether Voelker was a category one consumer. *Voelker*, 353 F.3d at 523. *Voelker* was aware of the

ber 12, 2003) returned to the analysis of "consumer" under 15 U.S.C. § 2301(3), rather than focusing on *Cohen*'s reliance upon the definition of written "warranty" under 15 U.S.C. § 2301(6), to address whether lessee Voelker had standing as a consumer to assert a breach of written warranty claim. In doing so, *Voelker* specifically addressed and denied Voelker's standing as a category two consumer.

¶ 22. In denying category two consumer standing, the *Voelker* court asked "[H]as Voelker alleged facts that would show that he is 'any person to whom such product is *transferred during the duration* of [a] written warranty (or service contract) applicable to the product?'" *Voelker*, 353 F.3d at 524 (citing to 15 U.S.C. § 2301(3)). The *Voelker* court looked to the written warranty itself, attached to Voelker's well pled complaint, and determined that Voelker was not a category two consumer under the Act:

> That warranty, however, did not begin until *after* possession of the car was transferred to Voelker, and not "during [the warranty's] duration." By its own terms, the warranty did not take effect until one of four antecedents occurred: "the date the car [was] first delivered to the first retail purchaser, or the date it [wa]s first used as a demonstrator, lease, or company car, whichever c[ame] first." The only triggering event that Voelker identifies is the date that the car was first used—by himself—as a lease car. Because the warranty did not begin until the date the car was "first used as a . . . lease" car, the warranty did not begin until after [the lessee] took possession. Thus, Voelker has failed to allege that the car was "transferred [to him] during the duration" of the New Car Limited Warranty, and,

*Cohen* decision when it held that Voelker did not qualify as a category two consumer and does not cite to *Cohen* as being relevant to that determination.

accepting all of the allegations in his complaint as true, he does not qualify as a category two consumer.

*Voelker*, 353 F.3d at 524.

¶ 23. Peterson's complaint alleges that she took possession of the vehicle on May 27, 1999. Peterson further alleges that she is "a lessee of a consumer product who received the [Volkswagen vehicle] *during the duration of a written warranty period applicable* to the [vehicle] and who is entitled *by the terms of the written warranty* to enforce against Manufacturer the obligations of said warranty." (Emphasis added.) Unlike Voelker, however, Peterson neither attaches the Volkswagen written warranty to her complaint, nor provides the specific term(s) of the warranty that she relies upon in her complaint, to establish the factual support for her conclusory allegation. Even under Wisconsin's liberal pleading rules, Peterson has failed to present the critical facts in her complaint that would allow her to claim standing as a category two consumer under the Act.

¶ 24. A motion to dismiss for failure to state a claim tests whether the complaint is legally sufficient to state a claim for which relief may be granted. *Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 331, 565 N.W.2d 94 (1997). If the written warranty of the Peterson vehicle commenced when it was "first used" as a lease car, as did Voelker's warranty, the complaint is not legally sufficient for Peterson to state a claim for relief as a category two consumer under the Magnuson-Moss Warranty Act, and that is the only issue presented in this appeal.[3]

---

[3] *Cohen* opines in its rationale that "[i]f [the lessees] are unable to [enforce the warranty], the assurances of the manufacturer are empty—no party would be able to enforce the

¶ 25. Wisconsin's liberal WIS. STAT. § 802.02 "notice pleading" rule has limitations. Our supreme court has held that our rules of pleadings do not provide a "file first and ask questions later" approach to litigation. *Jandrt ex rel. Brueggeman v. Jerome Foods, Inc.* 227 Wis. 2d 531, 569, 597 N.W.2d 744 (1999). A plaintiff may not rely on formal discovery to establish the factual basis of its cause of action, thereby escaping the mandates of both WIS. STAT. §§ 802.05 and 814.025 *"when the required factual basis could be established without discovery." Jandrt*, 227 Wis. 2d at 568 (emphasis added). "Safe harbor," a pleading concept which excuses a complaint's uncertain or unclear factual allegations in order to allow facts to be ascertained with certainty and clarity through later discovery, is not necessary here and "does not relieve an attorney from establishing a factual basis for a claim when that basis could be established by means other than discovery." *Id.* There is no excuse for Peterson's failure to present in her complaint the written warranty that contains the specific terms upon which relief under her complaint must turn.

¶ 26. *Voelker* directs that whether Peterson is a category two consumer under the Act turns upon the language of the Volkswagen written warranty itself. The warranty was never provided to the trial court, nor is the warranty even in the appellate record. Liberal "notice pleading" does not equate to misleading, clever or inadequate pleading. Discovery is not necessary here to establish the written warranty upon which the totality of Peterson's claim for relief is based.

warranty." *Cohen*, 264 F. Supp. 2d at 621. To the contrary, in Wisconsin both the lessor and lessee would have standing to enforce the written warranty under our Lemon Law. *See* WIS. STAT. § 218.0171.

¶ 27. In sum, the trial court did not have the benefit, as do we, of either the *Cohen* or *Voelker* opinions. Peterson has not provided the written warranty itself as a basis to support her alleged standing as a category two consumer under the Act. I would vacate the order dismissing Peterson's complaint as being premature because it is unknown whether the written warranty supports Peterson's conclusory allegation that she took possession of the vehicle during the period the warranty was in effect. The motion to dismiss Peterson's complaint for failure to state a cause of action should be reinstated and the motion remanded to the trial court to allow an opportunity for the trial court and the parties to consider the same criteria that this court has taken the liberty to review, as well as the relevant portions of the written warranty that would establish whether or not Peterson is a category two consumer under a *Voelker* analysis.