In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 03-3611

DONALD SCHIMMER,

*Plaintiff-Appellant,*

*v.*

JAGUAR CARS, INC.,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 1884—**Amy J. St. Eve**, *Judge.*

---

ARGUED APRIL 6, 2004—DECIDED SEPTEMBER 14, 2004

---

Before RIPPLE, KANNE and ROVNER, *Circuit Judges.*

KANNE, *Circuit Judge.*

## I. History

On January 15, 2000, Donald Schimmer bought a new 2000 Jaguar XK8, manufactured by Jaguar Cars, Inc., from Towne & Countree Auto Sales, Inc. Schimmer paid the $69,513.00 purchase price in cash.

Jaguar provided a limited written manufacturer's warranty to repair or replace any nonconformities or defects in

material or workmanship for three years or thirty-six thousand miles. Schimmer encountered various problems with the XK8 and took the car to authorized Jaguar dealerships for repairs under the manufacturer's warranty on numerous occasions.

After the dealers were unable to repair the XK8 to Schimmer's satisfaction, Schimmer's lawyer notified Jaguar, in a letter dated November 6, 2001, that Schimmer had revoked his acceptance of the vehicle. Jaguar refused to accept Schimmer's revocation. Subsequent to the purported revocation, the XK8 has remained in storage.

On February 13, 2003, Schimmer filed a four-count complaint in Illinois state court, alleging violations of the Magnuson-Moss Warranty Act of 1975, 15 U.S.C. §§ 2301, *et seq.* ("Magnuson-Moss Act") and the Illinois New Vehicle Buyer Protection Act, 815 Ill. Comp. Stat. 380/1, *et seq.* ("Illinois Lemon Law"). Counts I, II, and III alleged breach of written warranty, breach of implied warranty, and revocation of acceptance, respectively, pursuant to the Magnuson-Moss Act. Count IV alleged a violation of the Illinois Lemon Law. For each of the four counts, Schimmer's complaint demanded the return of all money paid, reimbursement for diminution in value of the vehicle, incidental and consequential damages, attorneys' fees, and any further relief that the court found appropriate. Schimmer also averred that to the best of his knowledge, the amount in controversy exceeded $50,000.00.

Jaguar filed a timely notice of removal to federal district court on March 17, 2003, asserting that the court had federal subject-matter jurisdiction under the Magnuson-Moss Act. Once in federal court, Jaguar moved to dismiss Counts II and III of the complaint—Schimmer's breach of implied warranty and revocation claims under the Magnuson-Moss Act—as well as Count IV, the state law claim. In its

Memorandum Opinion and Order ruling on the motion to dismiss, the district court, without discussion, noted that because Schimmer's complaint alleged damages in excess of $69,513.00 (the purchase price of the car) the Magnuson-Moss Act's $50,000 amount in controversy requirement was satisfied and thus federal subject-matter jurisdiction existed over the Magnuson-Moss Act claims. *Schimmer v. Jaguar Cars, Inc.*, No. 03 C 1884, 2003 U.S. Dist. LEXIS 11226, at *6 (N.D. Ill. Jul. 1, 2003). The district court also found that it had supplemental jurisdiction under 28 U.S.C. § 1367 to hear Schimmer's Illinois Lemon Law claim. *Id.* The court then granted Jaguar's motion on Counts II, *id.* at *8-9, and IV, *id.* at *13, but denied dismissal of Count III, *id.* at *10-11.

A jury trial ensued on Schimmer's remaining claims for breach of written warranty (Count I) and revocation of acceptance (Count III). The jury returned a verdict in favor of Jaguar, and on September 17, 2003, final judgment was entered against Schimmer. Schimmer filed a timely notice of appeal on September 30, 2003. On appeal, Schimmer argues that the district court did not have jurisdiction over the Magnuson-Moss Act claims because the amount in controversy did not meet the $50,000 threshold required by the Act, rendering Jaguar's removal improper and necessitating remand to the state court. In the alternative, Schimmer argues that the district court's dismissal of his Illinois Lemon Law claim was in error.

## II. Analysis

The first question presented on appeal is whether removal to federal court was appropriate. "Removal is proper over any action that could have originally been filed in federal court." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citing 28 U.S.C. § 1441). Federal subject-matter jurisdiction exists when a claim arises

under federal law. *See* 28 U.S.C. § 1331. The Magnuson-Moss Act allows a plaintiff to sue in federal court for breach of warranty, 15 U.S.C. § 2310(d)(1), provided that certain jurisdictional thresholds are met. Among other jurisdictional restrictions not applicable here, claims under the Magnuson-Moss Act may only be brought in federal court if the amount in controversy reaches "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" § 2310(d)(3)(B).

When a defendant removes a case from state to federal court, the defendant must demonstrate to a "reasonable probability" that subject-matter jurisdiction exists. *Chase*, 110 F.3d at 427; *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Hence, to justify removal under the Magnuson-Moss Act, Jaguar needed to show that, at the time the case was removed, it was reasonably probable that the amount in controversy exceeded $50,000. *See Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (the amount in controversy "is determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole"); *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002) (amount in controversy determined as of the date of removal). Based on the relief available under the Magnuson-Moss Act for the causes of action pled in Schimmer's complaint, we conclude that no such showing is possible, and hence, removal was improper.

Schimmer alleged three different counts under the Magnuson-Moss Act, all of which pray for the same broad relief, including a full refund of the $69,513.00 purchase price. Jaguar argues that, by itself, the $69,513.00 refund request satisfies the Magnuson-Moss Act's amount in

controversy requirement.[1] Jaguar's proposed analysis is too simplistic. Merely to accept the amount claimed in the complaint as the amount in controversy sidesteps the "reasonable probability" analysis.

The Magnuson-Moss Act "allows a 'consumer' to bring a suit where he claims to be 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act] or under a written warranty, implied warranty, or service contract." *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (quoting 15 U.S.C. § 2310(d)(1)). There are two types of written warranties under the Act: full warranties and limited warranties. *See* 15 U.S.C. § 2303(a).

Section 2304 of the Act imposes minimum federal warranty standards for "full warranties" and provides remedies for their breach, including either a full refund of the purchase price or a replacement of the product if the warrantor cannot remedy defects or malfunctions after reasonable attempts to do so. *Id.* Yet, as pled in the complaint, the XK8's warranty is a "limited" one not subject to § 2304 and thus not subject to the Act's substantive remedies, including a refund of the $69,513 purchase price. *See* 15 U.S.C. § 2303(a); *Mackenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 & n.7 (5th Cir. 1979).

The Act also, however, allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action. *Gardynski-Leschuck v. Ford Motor Co.*,

---

[1] We note that Schimmer's complaint demanded attorneys' fees, incidental and consequential damages, and any further relief that the court found necessary. Because Jaguar, carrying the burden of proof as the removing party, presented no evidence attempting to quantify these damages, nor even pressed that these damages should be included in the amount in controversy, we need not consider them.

142 F.3d 955, 956 (7th Cir. 1998). When the plaintiff relies on state law causes of action to bring a claim under the Magnuson-Moss Act, the $50,000 amount in controversy still must be met. *Id.* In such a case, we then look to state law to determine the remedies available, which in turn informs the potential amount in controversy. *Id.*; *see also Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 (11th Cir. 1999) (applying Alabama law to determine whether punitive damages were available for breach of warranty claim); *Mackenzie*, 607 F.2d at 1166-67 (for breach of limited written warranty, "resort to state law is proper in determining the applicable measure of damages under the Act"). We agree with the parties and the district judge that Illinois law applies in this case.

Jaguar insists that the $50,000 amount in controversy requirement is met because Illinois law entitles Schimmer to revoke acceptance and thus claim entitlement to a refund of the purchase price of the car. *See*, *e.g.*, 810 Ill. Comp. Stat. 5/2-608, 5/2-711(1). But even if Illinois law allows a refund of the $69,513.00 purchase price under the facts of this case, the *amount in controversy*, that is, Schimmer's true damages, could not exceed $50,000.

If the district court were to determine that Schimmer could revoke his acceptance of the car and receive a refund of the purchase price, then Jaguar would also be entitled to re-take possession of the car (now worth only $54,013.00, as explained below). In addition, Jaguar would also be entitled to a credit for the value Schimmer received from his use of the car while it was in his possession. Hence, Schimmer's true money damages—and concomitantly, the true amount in controversy—would equal only the difference between the price of the new car and the worth of the allegedly defective car, reduced by his beneficial use of the defective car. Jaguar could not lose $69,513, any more than Schimmer could gain that amount. We so held in a similar Magnuson-Moss case and calculated damages using the

following formula: the price of a replacement vehicle, minus both the present value of the allegedly defective car and the value that the plaintiff received from the use of the allegedly defective car. *Gardynski-Leschuck*, 142 F.3d at 957; *see also Voelker*, 353 F.3d at 521. This formula also works to calculate cover damages, "[t]he standard remedy under state law for delivery of a defective and useless product[.]" *Gardynski-Leschuck*, 142 F.3d at 957 (citing 810 Ill. Comp. Stat. 5/2-712(1)).

Here, the complaint and the record before us are sufficient to determine that the amount in controversy could not have exceeded $50,000 at the time Jaguar removed the case. Jaguar argues that only information contained in the complaint may be used to determine the amount in controversy. Yet, as explained earlier, we are not bound to accept at face value Schimmer's demand for a refund, or any affidavit asserting that damages claimed exceeded $50,000, when he is not entitled *at law* to recover such damages. The amount in controversy "is determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." *Uhl*, 309 F.3d at 983.

We know from Schimmer's complaint that the purchase price of a replacement XK8 is $69,513.00 because that is what he paid for the allegedly defective vehicle. Prior to filing the present suit, Schimmer hired an expert to inspect the XK8 and opine as to its diminished value based on its alleged defects. According to the expert's inspection of the XK8, the car was worth $54,013.00 when Jaguar removed the case.[2] Applying the numbers to the *Gardynski-*

---

[2] The expert conducted his inspection on December 10, 2001, which was after Schimmer placed the XK8 into storage and more than a year prior to the filing of this suit. Assuming that any

(continued...)

*Leschuck* formula, the cost of a replacement vehicle ($69,513.00) minus the present value of the defective car ($54,013.00) yields $15,500.00. To complete the formula, this $15,500.00 figure must be further reduced by the value that Schimmer obtained from his use of the XK8. Although we have no way of knowing what this figure might be, even if it is $0.00, the maximum Schimmer could recover (and the maximum loss to Jaguar) under Illinois law would be $15,500.00. As this figure is well below the $50,000 amount in controversy requirement necessary to establish subject-matter jurisdiction under the Magnuson-Moss Act, we find that this case was improperly removed from state court and must be dismissed for lack of subject-matter jurisdiction.

## III. Conclusion

Because the amount in controversy cannot exceed $50,000 to any legal probability, there is no federal subject-matter jurisdiction for Schimmer's claims under the Magnuson-Moss Act. Without federal subject-matter jurisdiction, there can be no supplemental jurisdiction to consider the district court's interpretation of the Illinois Lemon Law. We VACATE the district court's decision and REMAND with instructions to dismiss for lack of subject-matter jurisdiction.

---

[2] (...continued)
further diminishment in value would not be due to any defect of the XK8, we can infer that the diminished value on the date of removal was the same.

No. 03-3611                                                        9

A true Copy:

    Teste:


                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*