916 So.2d 843 (2005)
Jennifer CERASANI, Appellant,
v.
AMERICAN HONDA MOTOR COMPANY, Appellee.
No. 2D04-2719.
District Court of Appeal of Florida, Second District.
August 10, 2005.
*844 Alex D. Weisberg, Theodore F. Greene III, and Scott Cohen of Krohn & Moss, Ltd., Sunrise, and John Seipp and Frank D. Hosley of Seipp, Flick & Kissane, P.A., Orlando, for Appellant.
Wendy F. Lumish, John R. Blue, Matthew J. Conigliaro of Carlton Fields, P.A., Miami, for Appellee.
WHATLEY, Judge.
Jennifer Cerasani appeals an order dismissing her amended complaint with prejudice. Cerasani's amended complaint *845 against American Honda Motor Company (Honda) alleged one count for breach of written warranty under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act ("Magnuson-Moss Act" or "the Act"), 15 U.S.C. §§ 2301-12, and a second count for breach of implied warranty pursuant to the Act. In dismissing the amended complaint with prejudice, the trial court found that the Magnuson-Moss Act did not apply to Cerasani's transaction because she leased, rather than purchased, the vehicle and, additionally, the second claim failed because there was no privity between Cerasani and Honda. We affirm in part and reverse in part.
A motion to dismiss for failure to state a cause of action tests the legal sufficiency of a complaint, and when reviewing a motion to dismiss, a trial court must assume the facts set forth in the complaint are true and its consideration is limited to allegations in the four corners of the complaint. Belcher Ctr. LLC v. Belcher Ctr., Inc., 883 So.2d 338, 339 (Fla. 2d DCA 2004). We review an order on a motion to dismiss de novo. Id.
In the present case, Cerasani alleged that on April 1, 2002, she leased a new Honda Civic from the lessor, Honda Leasing. Cerasani alleged that prior to or contemporaneous to her lease of the automobile, the automobile dealership, Crown Honda, sold the automobile to the lessor. In consideration of this sale, Honda issued its written warranty to the lessor and the lessor would not have purchased the vehicle without such warranty. The lessor thereafter assigned its rights in the warranty to Cerasani.
Shortly after Cerasani took possession of the vehicle, she began to experience problems with the vehicle, and pursuant to the warranty, Cerasani took the vehicle to an authorized Honda dealership for repair on numerous occasions. At no time did Honda assert that the vehicle was not covered by the written warranty. After Honda's attempts to repair the vehicle were unsuccessful, Cerasani eventually attempted to revoke her acceptance of it. When Honda refused to take back the vehicle, Cerasani brought suit under the Magnuson-Moss Act.

Magnuson-Moss Act
The Magnuson-Moss Act permits "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to file suit for damages. 15 U.S.C. § 2310(d)(1). The Act was intended to increase the enforceability of warranties and protect the "ultimate user of the product." O'Connor v. BMW of N. Am., LLC, 905 So.2d 235 (Fla. 2d DCA 2005) (citing Dekelaita v. Nissan Motor Corp., 343 Ill.App.3d 801, 278 Ill.Dec. 649, 799 N.E.2d 367, 369 (2003), appeal denied, 207 Ill.2d 599, 283 Ill.Dec. 133, 807 N.E.2d 974 (2004), and Peterson v. Volkswagen of Am., Inc., 272 Wis.2d 676, 679 N.W.2d 840, 846 (2004), aff'd, 697 N.W.2d 61 (Wis. 2005)).
Honda argues the Magnuson-Moss Act does not apply to the transaction at issue, because Cerasani does not qualify as a consumer under the Act. The Magnuson-Moss Act defines three categories of consumers. A category one consumer is "a buyer (other than for purposes of resale) of any consumer product"; a category two consumer is "any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product"; and a category three consumer is "any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service *846 contractor) the obligations of the warranty (or service contract)." 15 U.S.C. § 2301(3). A plaintiff need only meet one of the above definitions to qualify as a consumer under the Act. O'Connor, 905 So.2d 235 (citing Parrot v. DaimlerChrysler Corp., 210 Ariz. 143, 108 P.3d 922, 924-25 (2005), Mangold v. Nissan N. Am., Inc., 347 Ill.App.3d 1008, 284 Ill.Dec. 129, 809 N.E.2d 251, 253 (2004), and Ryan v. Am. Honda Motor Corp., 376 N.J.Super. 185, 869 A.2d 945, 949 (2005)).
Cerasani contends that she qualifies as a category two and a category three consumer under the Act. Honda disagrees, arguing that both categories of consumer refer to a "written warranty" which the Act defines as requiring a sale. The Magnuson-Moss Act defines "written warranty" as follows:
(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or
(B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.
15 U.S.C. § 2301(6).

Category Two Consumer
In O'Connor, 905 So.2d at 238-41, this court held that a lessee may qualify as a category two and category three consumer under the Magnuson-Moss Act and that the Act does not require a sale to the ultimate consumer. This court concluded that the lessee in that case was a category two consumer because the vehicle was transferred to her during the duration of the written warranty. Id. Further, the transaction satisfied the Act's definition of written warranty where the warranty was made "in connection with the sale" of the vehicle from the dealer to the leasing company. Id. at 240; see 15 U.S.C. § 2301(6); Mesa v. BMW of N. Am., 904 So.2d 450, 457 (Fla. 3d DCA 2005).
We hold that Cerasani has alleged sufficient facts in her amended complaint to qualify as a category two consumer under the Act. She alleged that the automobile was transferred to her during the duration of Honda's written warranty and that the warranty satisfied the Act's definition of written warranty, because it was made "in connection with the sale" of the vehicle from the dealership to the lessor, it was part of the basis of the bargain between the dealership and the lessor, and the lessor purchased the vehicle for purposes other than resale.
Although Honda argues that the lease shows on its face that the vehicle was never sold to the lessor, but rather the dealership assigned its interest in the lease to the lessor, we conclude that the documents attached to the amended complaint do not conclusively negate Cerasani's claim, and therefore, it was improper to dismiss the complaint. See Magnum Capital, LLC v. Carter & Assoc., 905 So.2d 220 (Fla. 1st DCA 2005) (noting that "if documents are attached to a complaint and conclusively negate a claim, the pleadings can be dismissed.").

Category Three Consumer
In O'Connor, 905 So.2d at 240-41, this court found that the lessee also qualified *847 as a category three consumer because she was entitled, both by the terms of the warranty and under applicable state law, to enforce the manufacturer's warranty. She was able to enforce the terms of the warranty, as evidenced by the repair and service records of the vehicle.
In the present case, we hold that Cerasani has alleged sufficient facts in her amended complaint to qualify as a category three consumer under the Act. Cerasani alleged that she was able to enforce the terms of the warranty: she took the vehicle to authorized Honda dealerships for repair on numerous occasions, and Honda never asserted that the vehicle was not covered by the written warranty. Because the allegations in Cerasani's complaint are sufficient to qualify her as a category two and a category three consumer under the Act, we conclude that the trial court erred in finding that the Magnuson-Moss Act did not apply to Cerasani's transaction.

Breach of Implied Warranty
Although the Magnuson-Moss Act does apply to Cerasani's transaction, we conclude that the trial court correctly dismissed her claim for breach of implied warranty pursuant to the Act. As the Third District noted in Mesa, the Act does not supersede state law privity requirements for implied warranty claims, and pursuant to Florida law, "a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity." 904 So.2d at 458. Here, Cerasani's amended complaint does not allege that there was privity of contract between her and Honda, and therefore, her claim for breach of implied warranty was properly dismissed.
Accordingly, we reverse that portion of the trial court's order dismissing count one of Cerasani's amended complaint for breach of written warranty, but we affirm that portion of the order dismissing count two of her amended complaint for breach of implied warranty. As this court did in O'Connor, 905 So.2d at 240-41, we certify conflict with the First District's decision in Sellers v. Frank Griffin AMC Jeep, Inc., 526 So.2d 147, 156 (Fla. 1st DCA 1988), to the extent that Sellers concluded that the Magnuson-Moss Act does not apply to lease transactions.
Affirmed in part, reversed in part, and remanded; conflict certified.
STRINGER and LaROSE, JJ., Concur.