932 So.2d 272 (2005)
Thomas BROPHY, Jr., Appellant,
v.
DAIMLERCHRYSLER CORP. and Suncoast Chrysler-Plymouth-Jeep, Inc., Appellees.
No. 2D04-1466.
District Court of Appeal of Florida, Second District.
October 21, 2005.
Rehearing Denied January 11, 2006.
Alex D. Weisberg, Theodore F. Greene III, and Scott Cohen of Krohn & Moss, Ltd., Sunrise, for Appellant.
*273 John G. Glenn and Brooks C. Rathet of Anderson St. Denis & Glenn, P.A., Jacksonville, for Appellees.
SALCINES, Judge.
Thomas Brophy, Jr., appeals from a final order dismissing with prejudice his amended complaint against DaimlerChrysler Corporation ("DaimlerChrysler") and Suncoast Chrysler-Plymouth-Jeep, Inc. ("Suncoast"). We affirm, in part, and reverse, in part.
In his amended complaint, Mr. Brophy alleged three claims, each arising under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act ("Magnuson-Moss Act" or "the Act"), 15 U.S.C. §§ 2301-12. His first and second claims were against DaimlerChrysler under the Act for breach of DaimlerChrysler's written warranty and breach of an implied warranty. His third claim was against Suncoast under the Act for breach of an implied warranty only.
Mr. Brophy alleged that he entered into a transaction to lease a 2001 Chrysler Sebring. Wells Fargo Auto Finance ("the lessor") purchased the Sebring from Suncoast, a DaimlerChrysler authorized dealership, and then immediately leased the vehicle to Mr. Brophy. He alleged that the manufacturer issued a written warranty to the lessor which, in turn, was assigned to him. The crux of Mr. Brophy's complaint was that the vehicle was covered by DaimlerChrysler's written warranty and that, during the coverage period, the vehicle had numerous defects which remained unrepaired despite repeated efforts by DaimlerChrysler authorized dealerships to make the repairs.
DaimlerChrysler and Suncoast filed a motion to dismiss in which they maintained, in pertinent part, that the complaint failed to allege a cause of action against either of themthere was no independent state law basis for bringing an action under the Magnuson-Moss Act because the vehicle was leased and there was no privity of contract between Daimler-Chrysler and Mr. Brophy.[1]
The trial court granted the motion to dismiss and rendered a final order dismissing with prejudice each of the three claims set forth in Mr. Brophy's amended complaint. Mr. Brophy appeals from the dismissal order and urges this court to adopt case law from other states which would allow him to maintain his claims against DaimlerChrysler and Suncoast under the Magnuson-Moss Act. We need not look beyond the case law of this state, however, to decide this case.
Recognizing that the intended purpose of the Magnuson-Moss Act is to "increase the enforceability of warranties" and protect "the ultimate user of the product," this court has recently aligned itself with a number of courts which have held that the Magnuson-Moss Act may be applied to a lease and that the Act does not require a sale to an ultimate consumer. O'Connor v. BMW of N. Am., LLC, 905 So.2d 235, 236 (Fla. 2d DCA 2005). In O'Connor, this court reversed a final summary *274 judgment entered in favor of the automobile manufacturer in a lawsuit brought by a lessee for breach of the manufacturer's written warranty pursuant to the Act. The manufacturer, BMW, asserted that the lessee, O'Connor, did not meet the Act's definition of "consumer." In O'Connor, this court concluded that the lessee satisfied two alternative categories of consumer, either of which would allow her to pursue a claim for breach of a written warranty against the manufacturer pursuant to the Magnuson-Moss Act. Id. at 240. The lessee in O'Connor was a "category two" consumer because her vehicle was transferred to her during the duration of the written warranty, a warranty which satisfied the Act's definition of "written warranty" because it was made "in connection with the sale" of the vehicle from the dealer to the leasing company. Id. In O'Connor, the lessee also qualified as a "category three" consumer not only because she was entitled to enforce the manufacturer's warranty by the terms of the warranty itself but also because she was entitled to enforce the manufacturer's warranty under applicable state law, i.e., chapter 681, Florida Statutes (2001) (Florida's "Motor Vehicle Warranty Enforcement Act"). O'Connor, 905 So.2d at 240.
Shortly after the decision in O'Connor, this court considered a case much like the present case involving the dismissal of claims which had been brought pursuant to the Act by the lessee of a vehicle against the vehicle's manufacturer based not only upon an alleged breach of the manufacturer's written warranty but also upon an alleged breach of an implied warranty. See Cerasani v. Am. Honda Motor Co., 916 So.2d 843 (Fla. 2d DCA 2005). In Cerasani, we reversed the dismissal of the claim for breach of the written warranty under the Act but affirmed the dismissal of the claim against the manufacturer for breach of an implied warranty under the Act. Id. at 847. In affirming the dismissal of the claim for implied warranty, we held that "the Act does not supersede state law privity requirements for implied warranty claims, and pursuant to Florida law, `a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity.'" Id. (quoting Mesa v. BMW of N. Am., LLC, 904 So.2d 450, 458 (Fla. 3d DCA 2005)). Thus, where the lessee had failed to allege that there was privity of contract between herself and the vehicle's manufacturer, her claim for breach of implied warranty was properly dismissed. Cerasani, 916 So.2d at 847.
We hold that Mr. Brophy's amended complaint was sufficient to withstand DaimlerChrysler's motion to dismiss his claim for breach of the manufacturer's written warranty. The facts alleged in the amended complaint were sufficient to qualify Mr. Brophy as a category two consumer under the Act; the allegations indicated that the vehicle was transferred to Mr. Brophy during the duration of Daimler-Chrysler's written warranty. See Cerasani, 916 So.2d 843. Also, based on the allegations set forth in the amended complaint, the "written warranty" fell within the purview of the Act because it was made "in connection with the sale" of the vehicle from the dealership to the lessor. See O'Connor, 905 So.2d at 240. Moreover, Mr. Brophy alleged that the lessor assigned the warranty to him. See Mesa, 904 So.2d at 457 (holding that "a vehicle involved in a prior sale that is subsequently leased with a manufacturer's warranty satisfies the [Act's] requirement that the warranty be made `in connection with the sale,' and a lessee who is assigned such a warranty may enforce it").
Accordingly, we reverse the dismissal of count one of the amended complaint *275 which was brought by Mr. Brophy against DaimlerChrysler for breach of the manufacturer's written warranty pursuant to the Act. However, as in Cerasani, 916 So.2d 843, we affirm the dismissal of the remaining counts for implied warranty because Mr. Brophy's amended complaint did not allege the requisite privity of contract.
As this court did in O'Connor, 905 So.2d at 241, and Cerasani, 916 So.2d 843, we certify conflict with the First District's decision in Sellers v. Frank Griffin AMC Jeep, Inc., 526 So.2d 147, 156 (Fla. 1st DCA 1988), to the extent that Sellers concluded that the Magnuson-Moss Act does not apply to lease transactions.
Affirmed in part, reversed in part, and remanded; conflict certified.
FULMER, C.J., and DAVIS, J., Concur.
NOTES
[1] In their motion to dismiss, the defendants additionally asserted that the claims against both of them had to be dismissed because the "retail installment contract" required all disputes to be resolved by arbitration (the referenced retail installment contract was not attached to the motion contained in the appellate record). They further asserted that the claim against Suncoast had to be dismissed because Suncoast had disclaimed all warranties in the lease agreement. In this appeal, neither DaimlerChrysler nor Suncoast argue that those grounds would support a dismissal. Further, Mr. Brophy has not challenged the dismissal of the claim against Suncoast on any ground specifically related only to Suncoast.