918 So.2d 974 (2005)
Michael FISCHETTI and Theresa D. Fischetti, Appellants,
v.
AMERICAN ISUZU MOTORS, INC., Appellee.
No. 4D04-4430.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
Rehearing Denied February 9, 2006.
Patrick S. Cousins of Cousins Law Firm, P.A., West Palm Beach, for appellants.
Frank D. Hosley and Richard P. Spence of Seipp, Flick & Kissane, P.A., Orlando, for appellee.
Charles J. Crist, Jr., Attorney General and Janet L. Smith, Assistant Attorney General, Tallahassee, for Amicus Curiae Attorney General of Florida.
*975 TAYLOR, J.
The consumers appeal a summary judgment in favor of the manufacturer of a new motor vehicle on their claims under the Lemon Law, the Magnuson-Moss Warranty Act (MMWA), and the common and other laws. They argue that the record does not support the summary judgment resolving all claims in favor of the manufacturer. We agree and reverse, in part.
Initially, we note that the consumers' claim for a replacement or refund under section 681.104 of the Lemon Law was first submitted to arbitration under the manufacturer's established procedure by "BBB Autoline," a program administered by the Better Business Bureau (BBB). See § 681.109(1), Fla. Stat. (2005) ("If a manufacturer has a certified procedure, a claim arising within [24 months after delivery of the new motor vehicle] must be filed with the certified procedure...."). The BBB arbitration ended with a decision in favor of the consumers. The arbitrator determined that the vehicle was defective and required its replacement within 45 days. The consumers filed a written acceptance of the decision, conditioned on the manufacturer's compliance within 45 days of the decision. As the record shows, the manufacturer failed to timely comply with this condition.[1]
We reject the manufacturer's argument that the consumers' agreement to accept a replacement constituted a waiver of any damages claims. Their acceptance was explicitly conditioned on replacement within 45 days of the arbitration decision. Any waiver of other relief in the conditional acceptance of a replacement became ineffective when the condition failed to realize.
The record shows that the consumers failed to make a timely request for a second arbitration before the Florida New Motor Vehicle Arbitration Board after successfully arbitrating before the manufacturer's program of arbitration by the BBB. See § 681.109(2), Fla. Stat. (2005) ("If a consumer is not satisfied with the decision [of a certified procedure] or the manufacturer's compliance therewith, the consumer must apply to the division to have the dispute submitted to the board for arbitration.") We agree with the manufacturer, that if the consumers wanted to further pursue their replacement or refund remedies under the Lemon Law, the consumers were required to file a petition for a second arbitration before the board within 30 days after the final action by the BBB. § 681.109(2),(4) ("The consumer must request arbitration before the board ... within 30 days after the final action of a certified procedure...."). Although the consumers reasonably argue that requiring two separate arbitrations on the same claim is unnecessarily duplicative, that is precisely what the statute requires. The consumers having failed to timely request the second arbitration before the Florida New Motor Vehicle Arbitration Board, the trial court correctly entered summary judgment on the Lemon Law claim.[2]
*976 However, we reject the manufacturer's argument that privity between the consumer and the manufacturer is required for all claims of money damages under its express warranty. The warranty itself states in clear terms that:
"Except as otherwise indicated, the Isuzu New Vehicle Limited Warranty extends to the original retail purchaser/lessee and all subsequent owners/lessees of the vehicle, when registered and normally operated in the United States (excluding its territories and possessions), during the warranty period."
The manufacturer can hardly be heard to resurrect a common law requirement of privity when it has itself voluntarily provided a warranty that runs in favor of remote purchasers of its product. Because the express warranty plainly extends to the original and remote purchasers, we need not decide other arguments raised by the consumers against the privity requirement. We thus conclude that the consumers' express warranty and MMWA claims, which are premised on the express warranty, should have survived summary judgment. We reverse and remand this cause for further proceedings consistent with this opinion.
Affirmed in part; reversed in part.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] We reject the manufacturer's argument that a transcript of the hearing on the motion for summary judgment is necessary to decide the issues in this appeal. Documents supplied by the manufacturer show that it did not make any effort during the 45 days following the BBB decision to supply the replacement vehicle and that, when the manufacturer finally did take action, it failed to make a sufficient tender of a replacement.
[2] While the consumers have requested damages and attorney's fees under the Lemon Law, they have not shown any exceptional circumstances which might warrant those remedies. See King v. King Motor Co. of Ft. Lauderdale, 780 So.2d 937, 941 (Fla. 4th DCA 2001). Rather, this case is clearly a garden-variety refund/replacement case. It had to proceed along the arbitration track. We thus have no occasion to decide whether arbitration is a pre-requisite to the sort of exceptional damages and attorney's fee claims which the King court described.