936 So.2d 747 (2006)
Israel RENTAS and Nilda Rentas, Appellants,
v.
DAIMLERCHRYSLER CORPORATION, Appellee.
No. 4D05-1875.
District Court of Appeal of Florida, Fourth District.
August 23, 2006.
*748 Alex D. Weisberg and Theodore F. Greene, III, of Krohn & Moss, Ltd., Sunrise, for appellants.
John J. Glenn, Heatherann M. Solanka, and Benjamin C. Moore of AndersonGlenn, LLC., Boca Raton, for appellee.
MAY, J.
The plaintiffs appeal the dismissal of their third amended complaint for breach *749 of express and implied warranties. They argue the trial court erred in dismissing the complaint because the Magnuson-Moss Warranty Act [MMWA][1] provides an independent federal cause of action and also because privity between the manufacturer and consumer is not required to state a cause of action for breach of warranty in Florida. We agree in part and reverse.
The plaintiffs alleged they purchased a used 2002 Dodge Intrepid from Fairbanks Mazda on August 10, 2002. The vehicle had been manufactured by the Daimler-Chrysler Corporation, which issued a written warranty. The vehicle experienced various mechanical problems shortly after the plaintiffs took possession. They alleged the defects were covered by the written warranty issued by the manufacturer. According to the allegations, the plaintiffs brought the vehicle to one of the manufacturer's authorized dealerships for repairs on several occasions, but the defects were not corrected.
The plaintiffs filed the original complaint and two amended complaints against the manufacturer, alleging breach of the written warranty, breach of an implied warranty, and revocation of acceptance under the MMWA. The trial court dismissed each of these complaints.
The third amended complaint alleged breach of the written warranty and breach of an implied warranty under both the MMWA and the Florida Commercial Code. The plaintiffs attached the 2002 "Warranty Information" for Chrysler, Dodge and Jeep cars and trucks to the complaint.
The manufacturer again filed a motion to dismiss and a motion to strike. The trial court granted the motion to dismiss both counts. It found the MMWA does not provide an independent federal cause of action, and it requires application of state law, which in turn requires the plaintiffs to be in privity with the manufacturer to recover. From this dismissal, the plaintiffs appeal.
The plaintiffs argue the plain language of the MMWA creates an independent federal cause of action for a supplier, warrantor, or service contractor's breach of express and implied warranties. They suggest the MMWA creates a cause of action, establishes a standard for finding a warrantor liable, and allows the consumer to recover attorney's fees and costs upon prevailing.
The manufacturer claims the MMWA does not create an independent federal basis for warrantor liability, but rather provides federal jurisdiction for some state law claims. It argues that an MMWA claim fails where the underlying breach of warranty claim is not supported by state law. Here, the manufacturer suggests that Florida law requires privity between the manufacturer and the consumer for claims based upon the breach of both the express and implied warranties.
Orders granting motions to dismiss for failure to state a cause of action are reviewed de novo because they involve issues of law. Bell v. Indian River Mem'l Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001). Thus, we review the four corners of the complaint and the applicable law to determine whether it states a cognizable cause of action.
The MMWA was created to enhance the enforceability of warranties in an effort to protect the consumer. O'Connor v. BMW of N. Am., LLC, 905 So.2d 235, 236 (Fla. 2d DCA 2005). Under the MMWA, "a consumer may bring suit against a warrantor in any state for failure to comply with *750 its obligation under a written warranty or implied warranty." Mesa v. BMW of N. Am. LLC, 904 So.2d 450, 453 (Fla. 3d DCA 2005). See also 15 U.S.C. § 2310(d)(1) (2003); Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir.2004).
To bring a suit under the MMWA, the plaintiff must fit into one of three categories of consumers. A category one consumer is "a buyer (other than for purposes of resale) of any consumer product." 15 U.S.C. § 2301(3) (2003). A category two consumer is "any person to whom [a consumer product] is transferred during the duration of an implied or written warranty (or service contract) applicable to the product." Id. A category three consumer is "any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract)." Id.
The MMWA defines a "written warranty" as
(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or
(B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.
15 U.S.C. § 2301(6). An "implied warranty" refers to an implied warranty arising under state law. 15 U.S.C. § 2301(7).
The plain language of the MMWA provides for a consumer to bring a claim for damages against a warrantor who fails "to comply with any obligation under [the MMWA]" or against a warrantor who fails "to comply with any obligation . . . under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). As the Seventh Circuit explained, the MMWA imposes minimum standards for certain written warranties and provides a remedy for their breach. Schimmer, 384 F.3d at 405. The MMWA also allows "consumers to enforce written and implied warranties in federal court, borrowing state law causes of action." Id. Based upon this language, we hold that the MMWA does provide an independent federal cause of action for breach of warranty.
The first step in bringing suit under the MMWA is to determine if a plaintiff is a consumer under the MMWA. Here, the plaintiffs qualify in all three categories. As the purchasers of the vehicle, the plaintiffs are buyers of a consumer product other than for purposes of resale, a category one consumer. 15 § U.S.C. 2301(3). They are category two consumers because the vehicle was transferred to them during the duration of the written warranty.[2] They also qualify as category three consumers as holders of the written warranty.
The next issue is whether privity between the manufacturer and the consumer is required to bring the claims. A *751 written warranty as defined under the MMWA does not require privity. See 15 U.S.C. § 2301(6). Neither subsections 2301(6)(a) nor (b) require the written warranty to have been made between the original manufacturer and the eventual consumer seeking to enforce it. Id. The only limitation is that the buyer with whom the bargain was made must have been "a buyer for purposes other than resale." Id.
In fact, nothing in the written warranty in this case limits it to the original purchaser. The written warranty begins by stating, "The warranties contained in this booklet are the only express warranties that [the manufacturer] makes for your vehicle. These warranties give you specific legal rights. You may also have other rights that vary from state to state."
This court and other Florida appellate courts have expressly enforced written warranties in suits brought under the MMWA against manufacturers where privity did not exist between the manufacturer and the vehicle owner. See Fischetti v. Am. Isuzu Motors, Inc., 918 So.2d 974 (Fla. 4th DCA 2005); Cerasani v. Am. Honda Motor Co., 916 So.2d 843 (Fla. 2d DCA 2005), review granted, 925 So.2d 1029 (Fla. 2006); Mesa, 904 So.2d 450. In Fischetti, this court rejected a manufacturer's privity argument when it provided a warranty that ran in favor of remote purchasers of the product. 918 So.2d at 976.
The Third District addressed the privity issue in Mesa, where a lessee sued a manufacturer under the MMWA for breach of written and implied warranties. 904 So.2d 450. There, the lessee leased a vehicle from BMW Financial Services, which had recently purchased the vehicle from a BMW dealership. After the BMW dealership was unable to fix certain defects, the lessee filed suit under the MMWA. Id. at 453.
The Third District found the lessee was entitled to enforce the written warranty for two distinct reasons. Id. at 456-57. First, it found the warranty satisfied the "broadly" defined definition of a written warranty under the MMWA. Id. And second, the court found the lessee could enforce the written warranty on state law grounds. Id. at 457.
With respect to the breach of implied warranty claim, the Third District properly found the answer hinged on applicable state law. Id. at 458. Because Florida law requires privity for a breach of implied warranty claim, the plaintiff's claim was barred under the MMWA. Id. The Second District reached the same conclusion in Cerasani, 916 So.2d 843.
Here, the trial court erred when it determined that the plaintiffs had to be in privity with the manufacturer to recover for breach of the express warranty. The third amended complaint stated a cause of action under the MMWA. The trial court was correct, however, in requiring privity for the breach of implied warranty claim. We therefore reverse that part of the order of dismissal concerning the plaintiffs' claim for breach of express warranty, but affirm the order as it relates to the plaintiffs' claim for breach of implied warranty.
Reversed in part and Remanded.
STEVENSON, C.J., and SHAHOOD, J., concur.
NOTES
[1] 15 U.S.C. §§ 2301-2312 (2003).
[2] The "Basic Limited Warranty" attached to the third amended complaint stated it lasted for thirty-six months from the date it began or for 36,000 miles, neither of which had occurred.