POLEN, J.
Appellant, Vera Rastaedt, appeals the trial court’s final judgment entered after the court granted appellee, Mercedes-Benz USA, LLC’s (Mercedes), motion for judgment on the pleadings as to Rastaedt’s claim of breach of express warranty under the Magnuson Moss Warranty Act, 15 U.S.C. 2301, et seq. (MMWA).
On October 16, 2006, Rastaedt purchased a 2005 Mercedes SLK 350 from Mercedes-Benz of Palm Beach for $40,826.80. Mercedes issued and supplied to Rastaedt its written warranty, which *42 included the balance[1] of a four (4) year or fifty thousand (50,000) mile bumper to bumper warranty. The limited warranty provides, in pertinent part:
DEFECTS: Mercedes-Benz USA, LLC (MBUSA) warrants to the original and each subsequent owner of a new Mercedes-Benz passenger car that any authorized Mercedes-Benz Center will make ány repairs or replacements necessary, to correct defects in material or workmanship arising during the warranty period.
ANY MERCEDES-BENZ CENTER: Any authorized Mercedes-Benz Center of the owner’s choice will perform warranty repairs or replacements. The vehicle should be delivered to the Mercedes-Benz Center during normal service hours. A reasonable time should be allowed after taking the car to the Mercedes-Benz Center for performance of the repair.
Rastaedt alleges that shortly after she took possession of the vehicle, she learned of various defects that substantially impaired her use and the value and safety of the vehicle. Accordingly, Rastaedt delivered the SLK 350 to the manufacturer, through its authorized dealership network, “on numerous occasions.” Rastaedt alleges that the vehicle had been subject to repair on at least three occasions for the same defect and that the defect remained uncorrected. On April 1, 2008, Rastaedt sued Mercedes for breach of express warranty under the MMWA, 15 U.S.C. 2301, et seq. Rastaedt complained of the following defects:
a.Defective windows, trunk, convertible top, and body as evidenced by persistent water leaks and the failure of the trunk lid to stay open and the failure of the convertible top to open;
b. Defective moon roof as evidenced by its failure to properly close;
c. Defective air conditioner as evidence by its failure to properly cool;
d. Defective suspension and/or alignment as evidenced by the car pulling to the right;
e. Defective trim items as evidenced by various cracks and scratches;
f. Any other defects as reflected in the repair documents generated by Defendant’s authorized dealer network and in Defendant’s internal repair records for the subject vehicle.
Rastaedt alleges that she provided the manufacturer “sufficient opportunities to repair the SLK350 [sic]” and that the manufacturer was unable and/or failed to repair the defects “within a reasonable number of attempts, reasonable opportunity to cure, and/or reasonable amount of time.” Accordingly, Rastaedt revoked her acceptance of the vehicle, but Mercedes refused her demand. Based on these allegations, Rastaedt pled one count of breach of written warranty pursuant to the MMWA, and sought, among other relief, to revoke her acceptance of the vehicle in accordance with 15 U.S.C. § 2310(d) and section 672.608, Florida Statutes, and to recover all monies paid for the vehicle.
In January 2009, following the Third District’s decision in Ocana v. Ford Motor Co., 992 So.2d 319 (Fla. 3d DCA 2008), Mercedes moved for judgment on the pleadings, arguing that Rastaedt’s claim was based on a limited warranty which, *43 under Ocana, was not governed by the MMWA. Rastaedt responded to the motion, and explicitly stated, “To be clear, Plaintiff does not rely upon § 2304 of the Warranty Act” and limited her argument solely to section 2310(e) of the MMWA. Rastaedt argued that Ocana dealt only with section 2304 of the MMWA where Rastaedt relied on section 2310(e). According to Rastaedt, the plaintiff in Ocana failed to recognize the application of section 2310(e) to limited warranties, and as a result, the court failed to address section 2310.
Following a hearing, the court ultimately granted the motion for judgment on the pleadings and entered a final judgment for Mercedes. The court found:
The limited warranty here provides that Defendant “will make any repairs or replacements necessary, to correct defects in material or workmanship arising during the warranty period.” Plaintiff, like the plaintiffs in Ocana and Chaurasia [v. General Motors Corp., 212 Ariz. 18, 126 P.3d 165 (App.2006) ], is attempting to claim the benefit of a full warranty to which she is not entitled. Plaintiff, although attempting to distinguish this case from Ocana, states in her response to the Motion that she has met the standard of failure to adequately repair as set out in Ocana. The Complaint repeatedly states that Defendant failed to adequately repair within a reasonable period of time, and is not based on repudiation of the limited warranty. Plaintiff attempts to engraft a reasonableness attempt onto the limited warranty.
Rastaedt now appeals and argues the trial court erred in granting the motion for judgment on the pleadings because the MMWA applies to limited warranties and the court misconstrued the Ocana holding. Mercedes replies that there was no error because the MMWA does not address any substantive requirements for limited warranties, and section 627.719, Florida Statutes, does not correct the defects in the complaint.
A trial court’s decision on a motion for judgment on the pleadings is subject to de novo review. Syvrud v. Today Real Estate, Inc., 858 So.2d 1125, 1129 (Fla. 2d DCA 2003). The MMWA, 15 U.S.C. §§ 2301, et seq., at issue here, governs written warranties on consumer products. Section 2303 of the MMWA provides for designation of all written warranties as either “full” or “limited” warranties:
(a) Full (statement of duration) or limited warranty
Any warrantor warranting a consumer product by means of a written warranty shall clearly and conspicuously designate such warranty in the following manner, unless exempted from doing so by the Commission pursuant to subsection (c) of this section:
(1) If the written warranty meets the Federal minimum standards for warranty set forth in section 2304 of this title, then it shall be conspicuously designated a “full (statement of duration) warranty”.
(2) If the written warranty does not meet the Federal minimum standards for warranty set forth in section 2304 of this title, then it shall be conspicuously designated a “limited warranty.”
Section 2304 of the MMWA provides the minimum federal standards applicable only to full warranties:
(a) Remedies under written warranty; duration of implied warranty; exclusion or limitation on consequential damages for breach of written or implied warranty; election of refund or replacement
In order for a warrantor warranting a consumer product by means of a written *44 warranty to meet the Federal minimum standards for warranty—
(1) such warrantor must as a minimum remedy such consumer product within a reasonable time and without charge, in the case of a defect, malfunction, or failure to conform with such written warranty;
(2) notwithstanding section 2308(b) of this title, such warrantor may not impose any limitation on the duration of any implied warranty on the product;
(3) such warrantor may not exclude or limit consequential damages for breach of any written or implied warranty on such product, unless such exclusion or limitation conspicuously appears on the face of the warranty; and
(4) if the product (or a component part thereof) contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such war-rantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part (as the case may be). The Commission may by rule specify for purposes of this paragraph, what constitutes a reasonable number of attempts to remedy particular kinds of defects or malfunctions under different circumstances. If the warrantor replaces a component part of a consumer product, such replacement shall include installing the part in the product without charge.
15 U.S.C. § 2304. In other words, a full warranty is one that complies with the federal standards established by section 2304. Section 2304(a)(1) provides that, where a manufacturer has issued a full warranty, it must “as a minimum remedy such consumer product within a reasonable time and without charge, in the case of a defect, malfunction, or failure to conform with such written warranty.” Id.
As Mercedes points out, the legislative history of the MMWA makes it clear that the “reasonable number of attempts” provision is “designed to rectify the situation where a consumer has received a product which turns out to be a ‘lemon’ or where the supplier’s repair system is so ineffectual that defects are not corrected even though the product is repeatedly returned for repair.” S.Rep. No. 151, 93rd Cong., 1st Sess. 19 (1973).[2] As the authors of Clark & Smith, The Law of Warranties, § 16:1 (2007-08) have explained, “[t]his much heralded ‘lemon-aid’ provision applies only to products covered by full, not limited, warranties.”
Here, Mercedes relies heavily on Ocana, in which a lessee of a Ford vehicle sued Ford under the MMWA, alleging that he had given the vehicle to Ford to fix four different times during the course of a single year; that Ford failed to fix the vehicle within a reasonable period of time; and as such, Ford had violated the MMWA. 992 So.2d at 322-23. The Ocana court held:
[T]he Act is virtually silent with respect to the imposition of requirements on manufacturers or sellers who issue a “limited” warranty. The only prescribed requirement is that such a warranty may not disclaim or limit the duration of an implied warranty to a period shorter than the duration of the express warranty. 15 U.S.C. § 2308(b). There *45 fore, the question whether a warrantor has committed a breach of a limited express warranty under the Act is governed by state law. Under this state’s law, there can be no cause of action for breach of an express limited warranty unless the consumer can allege and prove that the manufacturer did not comply with the limited express %oar-ranty’s terms. See § 672.313, Fla. Stat. (2006).
Id. at 323-24 (citations omitted; emphasis added). The limited express warranty issued by Ford on the leased vehicle in Ocana stated: “[Ford] warrants that during the warranty period, if a Land Rover vehicle is properly operated and maintained, repairs required to correct defects in factory-supplied materials or factory workmanship will be performed without charge upon presentment for service[.]” Id. at 324. The Ocana court determined that, in order “[t]o recover for a breach of this warranty, a warrantee therefore must allege and prove that Ford refused or failed to adequately repair a covered item.” Id. The court found that instead of following this more traditional pleading pathway, Ocana sought to impose liability on Ford “by legally engrafting the Federal minimum standards applicable to ‘full (statement of duration) ... warrantees]’ found in section 2304(a) of the MMWA [ ... ] onto all written warranties” (emphasis in original). Id. In particular, Oca-na sought to proceed on the basis of section 2304(a)(4), the so-called “reasonable number of repair attempts provision,” which states that:
[I]f the product ... contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part (as the case may be). Id. In his complaint, Ocana alleged only that “PLAINTIFF has taken the VEHICLE to the MANUFACTURER’S seller/agent on at least four (4) separate occasions.” Id. However, the court found that “Where is no allegation Ford did not comply with a provision of the express warranty” Id. at 324 (emphasis added). The court stated that “no allegation in the complaint that Ford either refused to repair the vehicle or otherwise failed to adequately repair the vehicle under the warranty at any time.” Id. at 322 (emphasis added). Instead, the gravamen of the plaintiffs complaint in Ocana was that “ ‘Ford Motor Company and Warren Henry Automobiles[,] Inc. breached their express and implied warranties [under the MMWA] by failing to repair the vehicle within a reasonable amount of time or reasonable number of repair attempts’ within the meaning of section 2304.... ” Id. at 322-23. The trial court concluded this focus of the complaint was insufficient to prosecute a MMWA claim for breach of a limited warranty, and, upon counsel’s representation that he did not desire to amend his complaint on this or any other ground, dismissed the complaint with prejudice as to Ford. Id. at 323. Because the warrantee in Ocana merely alleged that Ford failed to repair the vehicle within a reasonable amount of time, the court held he failed to state a cause of action for breach of a limited warranty under section 2304 of the MMWA. Id. at 324.
However, as stated above, Ras-taedt’s limited warranty provides:
DEFECTS: Mercedes-Benz USA, LLC (MBUSA) warrants to the original and each subsequent owner of a new Mercedes-Benz passenger car that any authorized Mercedes-Benz Center will make any repairs or replacements necessary, to correct defects in material or *46 workmanship arising during the warranty period.
ANY MERCEDES-BENZ CENTER: Any authorized Mercedes-Benz Center of the owner’s choice will perform warranty repairs or replacements. The vehicle should be delivered to the Mercedes-Benz Center during normal service hours. A reasonable time should be allowed after taking the ear to the Mercedes-Benz Center for performance of the repair.
(Emphasis added). Thus, given the language of Rastaedt’s express limited warranty, to plead a cause of action for breach of warranty under the MMWA, Rastaedt simply had to allege that Mercedes failed to make the repairs or replacements necessary to correct the defects in the vehicle after being given a reasonable amount of time to perform the repair. Ocana is distinguishable on its facts because in this case, Rastaedt’s warranty actually states: “A reasonable time should be allowed after taking the car to the Mercedes-Benz Center for performance of the repair.” As was held in Ocana, “[u]nder this state’s law, there can be no cause of action for breach of an express limited warranty unless the consumer can allege and prove that the manufacturer did not comply with the limited express warranty’s terms.” Here, Rastaedt alleged in her complaint that she provided Mercedes a reasonable time for performance of the repair, and has thus sufficiently pled breach of the warranty pursuant to the terms of her warranty.
Further, Rastaedt relies on section 2310 of the MMWA, entitled “Remedies in consumer disputes,” which was not at issue in Ocana. Below and on appeal, Rastaedt has relied on section 2810(d) and (e) of the MMWA, instead of section 2804, to support her argument that Mercedes was required, under the limited warranty, to correct the defects if given a reasonable opportunity to do so, and that Mercedes’ failure to do so amounted to a violation of the MMWA. Section 2310(d) provides:
(d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims (1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, war-rantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
(A) in any court of competent jurisdiction in any State or the District of Columbia; or
(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
The Act defines “written warranty” as follows:
(6) The term “written warranty” means—
(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or
(B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,
which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a *47 buyer for purposes other than resale of such product.
15 U.S.C. § 2301(6). Subsection 2310(a)(3) provides that warrantors may establish an informal dispute settlement procedure. 15 U.S.C. § 2310(a)(3). Subsection (e), entitled “Class actions; conditions; procedures applicable,” establishes, as a precondition to suit, that an individual must give the warrantor reasonable opportunity to cure the alleged defect. 15 U.S.C. § 2310(e).
Rastaedt’s complaint alleged, in pertinent part, “As a direct and proximate result of Manufacturer’s failure to comply with its written warranty, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d)(1), Plaintiff is entitled to bring suit for damages and other legal and equitable relief.” In its motion for judgment on the pleadings, Mercedes relied solely on the Ocana decision and its holding that the reasonable period of time requirement in section 2304 does not apply to limited warranties. However, Mercedes and the trial court overlooked Rastaedt’s reliance on section 2310(d)(1), which as this court held in Rentas v. Daimlerchrysler Corp., 936 So.2d 747, 750 (Fla. 4th DCA 2006), creates a cause of action for breach of a written warranty. The warranty in Rentas was a limited manufacturer’s warranty similar to the warranty at issue here. Id.
Further, the trial court overlooked that Rastaedt also relied on the exact language of her own limited warranty. Thus, the trial court was incorrect in that Rastaedt was attempting to engraft a portion of section 2304 (which deals only with full warranties) onto this claim which is brought under section 2310 (limited warranties). Rastaedt cited the exact language and requirements of her express limited warranty, which incorporates a reasonableness requirement.

Reversed and Remanded for further proceedings consistent with this opinion.

HAZOURI and CIKLIN, JJ., concur.

. The subject warranty is an Express Limited Warranty for four (4) years or 50,000 miles, whichever occurs first, from the date of initial operation or its retail delivery, whichever occurs first. The subject vehicle was a "DEMO” and was first put into service on August 3, 2004. Thus, the Limited Warranty expired on or about August 3, 2008, or when the subject vehicle reached 50,000 miles, whichever occurred first.

. The legislative history also indicates that the Senate initially included detailed provisions dealing with warranty practices with respect to used automobiles, but that Congress ultimately decided the Federal Trade Commission would be responsible for promulgating a set of rules “to supplement the provisions of title I and rules thereunder in order to offer reasonable protection to average purchasers of used automobiles.” S. Conf. Rep. No. 93-1408, 93rd Cong., 2d Session 1974.